In re Robert M. BAILEY and Salley E. Bailey, Debtors.

Bankruptcy No. 3–87–2073.

United States Bankruptcy Court, D. Minnesota, Third Division.

April 8, 1988.

Gregory Wald, St. Paul, Minn., for debtors.

Michael Iannacone, St. Paul, Minn., for trustee.

Robert M. Ackerberg, Sp. Asst. Atty. Gen., St. Paul, Minn., for State of Minn.

## ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

The matter before the Court is the Chapter 7 trustee's objection to Debtors' claimed exemption under MINN.STAT. § 550.37, Subd. 22, of a right of action for personal injury damages arising out of an automobile accident. The trustee challenges the constitutionality of this statute, contending that it violates art. I, § 12 of the Minnesota Constitution. The issue was briefed by Debtors, the trustee, and the State of Minnesota, which intervened in this proceeding. Trustee Michael Iannacone represented himself. Debtors were represented by Gregory Wald. The State of Minnesota was represented by Attorney General Hubert H. Humphrey, III, and Special Assistant Attorney General Peter M. Ackerberg. Based on these briefs and the record and files herein, and now being fully advised in the matter, the Court makes this Order pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I.

MINN.STAT. § 550.37, Subd. 22, provides an exemption for "rights of action for injuries to the person of the debtor or of a relative whether or not resulting in death." MINN. CONST. art. I, § 12 provides in relevant part: "[a] reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law."

Citing *In re Tveten*, 402 N.W.2d 551 (Minn.1987), the trustee contends that § 550.37, Subd. 22, does not contain a dollar limit or objective criteria limiting the exemption and, therefore, enables the debtor to exempt an unreasonable amount of property in violation of MINN. CONST. art. I, § 12.

Both Debtors and the State argue that exemption of personal injury rights of action is consistent with *Tveten* and the Minnesota Constitution, and further that it is supported by strong policy considerations. The State of Minnesota requests, however, that this Court certify the ques-

**610**

tion of the constitutionality of MINN. STAT. § 550.37, Subd. 22, to the Minnesota Supreme Court.

## II.

■ The State's certification request is denied. The Minnesota Supreme Court stated that its authority to address questions certified by a bankruptcy court is uncertain. *In re Tveten*, 402 N.W.2d at n. 1. Furthermore, guidance from the Minnesota Supreme Court in *Tveten* and other pertinent decisions cited herein is sufficient to address the issue of the constitutionality of MINN.STAT. § 550.37, Subd. 22.

## III.

■ A duly enacted statute is presumed constitutional, and the presumption prevails unless it is proven beyond reasonable doubt that the statute violates the constitution. *In re Tveten*, 402 N.W.2d at 556. Where a statute is not inherently unconstitutional, it may be found constitutional as applied to some persons or separable subject matters, and unconstitutional as applied to others. *Grobe v. Oak Center Creamery Co.*, 262 Minn. 60, 62, 113 N.W. 2d 458 (Minn.1962); *City of St. Paul v. Dalsin*, 245 Minn. 325, 330–31, 71 N.W.2d 855 (1955).

Rights of action[1] for personal injury typically include the following elements of claimed general damages: temporary or permanent physical and mental loss or impairment, including lost future earning capacity; pain and suffering, including that reasonably certain to occur in the future; mental suffering, including that reasonably certain to occur in the future; and future medical costs reasonably certain to occur. Such actions may also include the following claimed special damages: existing medical costs; actual lost income; existing nonmedical costs and expenses; and property lost, damaged or destroyed in the incident that caused the injury. *See In re Carlson*, 40 B.R. 746, 750 (Bankr.D.Minn.1984) ("rights of action" under MINN.STAT. § 550.37,

Subd. 22, "include all those things commonly included in a so-called 'personal injury action'".) *See also* 5C Dunnell Minn.Digest *Damages* § 3.01 (3rd ed. 1982).

The function of a personal injury award for general damages is to make the injured person whole by serving as the monetary equivalent of the harm suffered. The amount of such an award can be sustained only to the extent that it is reasonable in light of this function. *Id.* Although the amount of an award for general damages is generally left to the discretion of a jury, it is subject to the supervisory power of the Court; the Court will adjust an excessive award or order a new trial when such an award is made.

The function of a personal injury award for special damages is simply to reimburse the injured person for the economic loss actually incurred, as of the time the award is made, as a direct result of the incident that caused the injury. The concept of reasonableness has no application to such an award. The amount is limited only by proof of actual economic loss incurred.

The issue in this proceeding is: whether, given the nature of a right of action for personal injury, a statute exempting the right without statutory qualification, exceeds the constitutional limitation regarding exemptions of a "reasonable amount of property" provided in MINN. CONST. art. I, § 12. It does.

■ The exemption portion of a personal injury right of action represented by claimed general damages need not be limited by dollar amount or objective criteria to constitute a "reasonable amount of property." Under our laws, honest debtors have never been required to pay their creditors with "a pound of flesh". *See Duggins v. Hunt*, 323 F.2d 746, 748 (7th Cir.1963); Colliers on Bankr. ¶ 70.28[3] (14th ed. 1976); *Sibley v. Nason*, 196 Mass. 125, 81 N.E. 887, 889 (1907) (cited in *Ruebush v. Funk*, 63 F.2d 170, 173 (4th Cir.1933)); and § 70(a)(5) of the Bankruptcy Act of 1898 as

---

1. Right of action should be distinguished from cause of action. The former "pertains to remedy and relief through judicial procedure"; the latter refers to "[t]he fact or facts which give a person a right to judicial relief." BLACK'S LAW DICTIONARY 1190, 201 (5th ed. 1979).

amended.[2] The value of a right of action for personal injury represented by claims for general damages can never constitute an unreasonable amount of property for purposes of exemption.[3] The general damages portion of a right of action for personal injury simply represents the monetary restoration of the physically and mentally damaged person.

The analysis of *In re Tveten,* 402 N.W.2d 551 (Minn.1987), cited by the trustee, does not apply to that portion of a right of action for personal injury represented by general damage claims. The Minnesota Supreme Court, in *Tveten,* stated:

> When determining whether annuities or unmatured life insurance are exempt from creditor's levy by being a 'reasonable amount', by necessity 'reasonable amount' must be synonymous with 'reasonable value.' *Tveten,* at 558.

The Court went on to say that reasonable value must be determined by either specific value limit or objective criteria to enable a Court to limit the size of the exemption where appropriate. However, we are not dealing here with property in the nature of annuities, unmatured life insurance, or other similar monetary and financial accounts of a debtor. We are, in effect, dealing with property in the nature of a debtor's person. Whatever value a debtor's person has, it is a reasonable amount for purposes of exemption and satisfaction of MINN. CONST. art. I, § 12.

That is not so, however, regarding the portion of a right of action for personal injury represented by special damage claims. Property such as accounts reim-

bursable for actual medical costs, actual lost wages, nonmedical costs, and property lost or damaged, as those accounts exist at filing, fall within the *Tveten* rationale and analysis.[4] MINN.STAT. § 550.37, Subd. 22, provides no limitation on the size of the exemption for these elements of the right of action; nor does it provide any objective criteria to enable a Court to limit the size. Accordingly, with respect to that portion of a right of action for personal injury constituting special damage claims existing at filing, the statute violates art. I, § 12 of the Minnesota Constitution for the reasons stated in *In re Tveten, supra.*

Aside from the discussion and analysis in *Tveten,* there appears to be no rational basis for unlimited exemption regarding special damage claim elements of the right of action for personal injuries as they exist at filing. MINN.STAT. § 550.37, Subd. 13, allows an exemption of only a portion of earnings. Yet, an injured debtor who would receive reimbursement for the same earnings as lost wages would, in effect, get the benefit of a 100–percent exemption. Debts giving rise to reimbursable medical and other costs incurred prepetition in connection with a personal injury incident are dischargeable. Yet, the right to receive the reimbursement to cover the cost of the discharged indebtedness would be 100 percent exemptible through the personal injury right of action exemption. Finally, property lost or damaged in the injury causing accident might itself be either not subject to exemption or value limited, absent the right of action. Yet, the right to reimbursement for the same property as part of

**2.** The most comparable alternative federal exemption statute to MINN.STAT. § 550.37, Subd. 22, (11 U.S.C. § 522(d)(11)(D) and (E)) allows exemption of certain payments on account of bodily injury. The statute arguably is premised on a "pound of flesh" theory, but it is very poorly drafted; the legislative history seems to address an entirely different statutory scheme found nowhere in the Code; and, between the two, it is most difficult to determine either what the statute means or what Congress intended it to mean. *See* 11 U.S.C. § 522(d)(11)(D) and (E) and H.R.REP. NO. 95–595, 95th Cong., 1st Sess. 361 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6316. In any event, debtors can elect state exemptions as an alternative to the federal

exemptions provided in 11 U.S.C. § 522(d). *See* 11 U.S.C. § 522(b).

**3.** At least not until we institute debtors' prisons, impose involuntary servitude, or until we otherwise determine to extract payment or retribution through laws that call for "taking it out of his hide".

**4.** Special damage claims suffered post-petition, such as lost wages and medical expenses, should be considered to be property interests in the right of action that vest in the debtor—not the estate in a Chapter 7 case. Accordingly, regarding such interests, exemption is unnecessary and, in any event, inapplicable.

a right of action for personal injury would be 100 percent exemptible.

Based on the foregoing, the Court concludes that MINN.STAT. § 550.37, Subd. 22, violates art. I, § 12 of the Minnesota Constitution to the extent that it provides an exemption without limitation for those elements of a right of action for personal injury constituting claims for special damages as the same exist at filing for relief under Title 11 U.S.C. Chapter 7. The Court further concludes that MINN.STAT. § 550.37, Subd. 22, does not violate art. I, § 12 of the Minnesota Constitution to the extent that it provides for the unlimited exemption of that portion of a right of action for personal injury constituting claims for general damages for injury to the person.

ACCORDINGLY, IT IS HEREBY ORDERED:

1. The objection of the trustee to the Debtors' claimed exemption of their right of action for personal injury damages is sustained as to that portion of the right of action representing claims for special damages as the same had arisen and existed at filing of their petition for relief under Title 11 U.S.C. Chapter 7. The right of action with respect to said special damage claims constitutes property of the estate.

2. MINN.STAT. § 550.37, Subd. 22, does not violate art. I, § 12 of the Minnesota Constitution so far as it provides for the unlimited exemption by the Debtors of that portion of their right of action for personal injury constituting claims for general damages for injury to the person. The trustee's objection in that regard is overruled and the exemption to that extent is allowed.