**In re Vernon Edgar COOK and Linda Dianne Cook, Debtors.**

**Bankruptcy No. 4–91–8262.**

United States Bankruptcy Court, D. Minnesota.

April 15, 1992.

Vance O. Bushay, Minneapolis, Minn., for debtor.

Timothy D. Moratzka, Mackall, Crounse & Moore, Minneapolis, Minn., trustee.

## ORDER REGARDING EXEMPTION

ROBERT J. KRESSEL, Chief Judge.

This case came on for hearing on the trustee's objection to the debtor's claimed exemption for personal injury damages. Vance O. Bushay appeared on behalf of the debtors. Timothy D. Moratzka, the trustee, appeared *in propria persona*.

## FACTS

When the debtors filed their case, Linda Cook was the holder of a personal injury claim.[1] The debtors argue that the claim for personal injury damages is exempt. The asserted basis for the exemption, as reflected in the debtors' Amended Schedule C, is Minn.Stat. § 550.37, subd. 22 (1990). The trustee objects and asserts that Minn. Stat. § 550.37, subd. 22 (1990) violates Art. I, § 12 of the Minnesota Constitution.

## DISCUSSION

Minnesota Statute § 550.37, subdivision 22 provides an exemption for "rights of action for injuries to the person of the debtor or of a relative whether or not resulting in death." The trustee argues that Minn.Stat. § 550.37, subd. 22 (1990) violates Article I, § 12 of the Minnesota Constitution.[2] The Minnesota Constitution provides in relevant part:

A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law.

Minn. Const., Art. I, § 12.

 Understandably, courts are reluctant to invalidate statutes. Indeed, the Minnesota Supreme Court has clothed duly enacted statutes with a presumption of constitutionality which prevails unless it is proven beyond a reasonable doubt that the statute violates a constitutional provision. *In re Tveten,* 402 N.W.2d 551, 556 (Minn. 1987). Beyond the presumption, where a

---

1. I found this out by looking at paragraph 20 of the debtors' Schedule B. Otherwise, I know very little. I do not know what gave rise to this claim, the nature of Linda's injuries, or when the claim arose. Likewise, I do not know the status of the claim; I assume that no litigation is pending since none was disclosed in the debtors' Statement of Affairs. Luckily, I think I can resolve the objection in spite of knowing virtually nothing about the facts.

2. The constitutionality of Minnesota's exemption statute has been challenged on several occasions. *See, e.g., Medill v. State,* 477 N.W.2d 703 (Minn.1991) (section 550.37, subd. 22 is constitutional as applied to general damages); *In re Tveten,* 402 N.W.2d 551 (Minn.1987) (section 550.37, sub. 11 is unconstitutional as applied to

annuities or similar plans or contracts purchased for cash from fraternal benefit associations); *In re Haggerty,* 448 N.W.2d 363 (Minn. 1989) (sections 510.01 and 510.02, the Minnesota homestead exemption, are constitutional); *In re Netz,* 91 B.R. 503 (Bankr.D.Minn.1988) (section 550.37, subd. 24, exempting an unlimited value or amount of employee benefits under a stock bonus, pension, profit-sharing, annuity, individual retirement account or similar plan, is constitutional); *In re Bailey,* 84 B.R. 608 (Bankr. D.Minn.1988) (section 550.37, subd. 22 is constitutional as applied to general damages and unconstitutional as applied to special damages); *In re Hilary,* 76 B.R. 683 (Bankr.D.Minn.1987) (section 550.37, subd. 2 exempting family musical instruments is unconstitutional).

statute is not inherently unconstitutional, it may be found constitutional as applied to some persons or separable subject matters, and unconstitutional as applied to others. *In re Bailey*, 84 B.R. 608, 610 (Bankr. D.Minn.1988) (citing *Grobe v. Oak Center Creamery Co.*, 262 Minn. 60, 62, 113 N.W.2d 458 (1962); *City of St. Paul v. Dalsin*, 245 Minn. 325, 331, 71 N.W.2d 855 (1955)).

■ Personal injury recoveries come in two forms; general damages and special damages. General damages include: temporary or permanent physical and mental loss or impairment, including future earning capacity; pain or suffering, including that reasonably certain to occur in the future; mental suffering, including that to occur in the future; and future medical costs reasonably certain to occur. *In re Bailey*, 84 B.R. at 610 (citation omitted). The function of a general damage award is to make the injured party whole by serving as the monetary equivalent of the harm suffered. *Id.*

■ Special damages include: existing medical costs; actual lost income; existing non-medical costs and expenses; and property lost, damaged or destroyed in the incident that caused the injury. *Id.* Special damages are to reimburse the injured party for the actual economic loss incurred as a direct result of the incident that caused the injury. *Id.*

In a bankruptcy case, a personal injury claim that has not been reduced to judgment can be broken into four classes: (1) special damages that have accrued at the time the petition is filed; (2) special damages that accrue post-petition and before a judgment; (3) general damages, which would include unliquidated post-judgment special damages; and (4) punitive damages.

In order to survive constitutional challenge, each class must individually display an "objective benchmark by which a 'reasonable amount' of property exemptions may be ascertained." *In re Tveten*, 402 N.W.2d at 558.

## PRE–PETITION SPECIAL DAMAGES

■ The constitutionality of special damages accrued at the time of the petition was filed, has been decided in this district. In *In re Bailey*, Judge O'Brien applying the "objective benchmark/reasonable amount" test, held that the exemption for special damages accrued at the time the petition was filed was unconstitutional. 84 B.R. 608, 612 (Bankr.D.Minn.1988). Indeed, the court found that Minn.Stat. § 550.37, subd. 22, "provided no limitation on the size of the [special damage] exemption ...; nor does it provide any objective criteria to enable a Court to limit the size." *Id.* at 611.[3]

While I am not entirely persuaded by the reasoning in *Bailey*, the Minnesota Supreme Court was. In *Medill v. State of Minnesota*, the Minnesota Supreme Court stated:

> While we need not decide whether special damages incurred prior to judgment or punitive damages are to be exempt in order to decide the question certified to us, we feel compelled to state that the bankruptcy court's analysis in *Bailey* appears reasonable and is likely to be applied here in future cases.

477 N.W.2d 703, 708 (Minn.1991). Thus, the Minnesota Supreme Court explicitly approved the *Bailey* court's special damages reasoning. Clearly, the supreme court's comment on this issue is obiter dictum. However, as dicta go, it is extremely reli-

---

3. While Judge O'Brien's reasoning is cogent, I cannot wholeheartedly agree with it. As the Minnesota Supreme Court stated in *Tveten*, the constitutional inquiry is whether the statute "provides an objective bench mark by which the 'reasonable amount' of property exemption may be ascertained." 402 N.W.2d at 558. Special damages are objectively known actual costs. Indeed, there is nothing more objective than special damages. Special damages consist of actual costs incurred as a result of the injury. These actual costs are easily and objectively determined. Each costs is traceable to a bill or other like document prepared by an independent third party. These documents reflect the actual cost for services rendered or products sold. There is nothing subjective about these costs. Thus, it is hard not to conclude that these bills or other like documents present an obvious function; an objective benchmark which a "reasonable amount" of exempt property may be ascertained.

able. Given this approval, I feel compelled to follow *Bailey*. Accordingly, the exemption for special damages, accrued at the time a petition is filed, would be violative of Art. I, § 12 of the Minnesota Constitution.

## POST–PETITION SPECIAL DAMAGES

■ The *Bailey* opinion also addresses special damages that accrue post-petition but before judgment. Judge O'Brien found that:

> Special damage claims suffered post-petition, such as lost wages and medical expenses, should be considered to be property interests in the right of action that vest in the debtor—not the estate in a Chapter 7 case. Accordingly, regarding such interests, exemption is unnecessary and, in any event, inapplicable.

84 B.R. 608, 611 n. 4. Again, while Judge O'Brien's reasoning is articulate and cogent, I disagree with it. First, his reasoning runs counter to the notion of general damages. General damages include future costs reasonably certain to occur. *See Bailey*, 84 B.R. at 610. Thus, as of the petition date, future special damages really are general damages. Moreover, I cannot agree that the right of action vests in the debtor. It is fundamental that a debtor's legal or equitable claim for injuries to the person, whether unliquidated at the time the petition was filed, are property of the debtor's estate. *Cottrell v. Schilling (In re Cottrell)*, 876 F.2d 540, 542 (6th Cir. 1989); *Tignor v. Parkinson (In re Tignor)*, 729 F.2d 977, 981 (4th Cir.1984); *see also Sierra Switchboard Co. v. Westinghouse Electric Corp.*, 789 F.2d 705, 707–09 (9th Cir.1986) (emotional distress claim is property of the Debtor's estate); *contra Baker v. Auger (In re Baker)*, 709 F.2d 1063, 1064 (6th Cir.1983). However, I do not think that our difference of opinion really matters. In a chapter 7, what constitutes property of the estate and whether or not it is exempt are determined as of the date the petition is filed. As of that date, post-petition special damages are still in the future and thus are general damages when the case is filed and their exemptibility is determined as such.

## GENERAL DAMAGES

■ The third damage class is general damages. The constitutionality of the exemption for general damages is easily answered. The Minnesota Supreme Court gave us the answer in *Medill v. State of Minnesota*, 477 N.W.2d 703. In *Medill*, the court specifically held that Minn.Stat. § 550.37, subd. 22, is constitutional as applied to general damages arising out of a personal injury action. *Id.* at 708. Based on *Medill*, I find debtor's general damages exempt under Minn.Stat. § 550.37, subd. 22.

## PUNITIVE DAMAGES

■ Last, the *Medill* court found that "punitive damages are not in the nature of compensatory damages and thus are not exempt from creditors." *Id.* at 708. While the *Medill* opinion gave a clear answer, I am still confused. The opinion lacks any reasons for the conclusion. I don't know if the court's decision was based on the Minnesota Constitution, the exemption statute or both. *i.e.*, Is the court saying that punitive damages are not within the scope of § 550.37, subd. 22 or is it saying that the statute is unconstitutional as applied to punitive damages. Once again, it does not really matter. The result is clear. A claim for punitive damages is not exempt.

To summarize, when a chapter 7 case is filed before a judgment is entered on a right of action for injuries to the person of the debtor or a relative,

 1. the claim for special damages accrued before the case is filed is not exempt;

 2. the claim for special damages that accrue after the case is filed is exempt;

 3. the claim for general damages is exempt; and

 4. the claim for punitive damages is not exempt.

THEREFORE, IT IS ORDERED:

1. The right of action of debtor Linda Dianne Cook for special damages accrued prior to December 4, 1991, and for punitive damages is not exempt.

2. The right of action of debtor Linda Dianne Cook for special damages accrued after December 3, 1991, and for general damages is exempt.