**Benjamin Arata EZAKI,**
**Debtor/Appellant,**

v.

**Edward W. BERGQUIST,**
**Trustee/Appellee.**

Civ. No. 3–92–433.
Bankruptcy No. 4–92–344–NCD.

United States District Court,
D. Minnesota,
Third Division.

Nov. 6, 1992.

G. Martin Johnson, Johnson & Wentzell, Minneapolis, MN, for appellant.

Edward William Bergquist, Bergquist Law Office, Minneapolis, MN, for appellee.

## MEMORANDUM OPINION AND ORDER

KYLE, District Judge.

The above-entitled matter is before the court on debtor Benjamin Arata Ezaki's appeal from an order of the United States Bankruptcy Court sustaining Trustee Edward Bergquist's objection to Ezaki's claim of exemption.[1] The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a) (1992).

### Background

Appellant Ezaki was born in a relocation camp established in the 1940's for purposes of interning individuals of Japanese ancestry during the pendency of World War II. Ezaki is eligible for restitution under the Civil Liberties Act of 1988, 50 U.S.C.App. §§ 1989–1989d (supp. 1990) (the "Act"), which acknowledges that the relocation and internment of individuals with Japanese ancestry was unjustified and provides for restitution to those interned. *See* 50 U.S.C.App. §§ 1989, 1989a(a).

Ezaki sought to exempt the right to restitution payment from claims of the trustee in

---

1. The Honorable Nancy C. Dreher, United States Bankruptcy Judge.

bankruptcy pursuant to section 522(b)(2) of the Bankruptcy Code. 11 U.S.C. § 522(b)(2). This section allows a debtor to exempt certain property under state and/or non-bankruptcy federal laws. Specifically, Ezaki contends that the exemption is supported by both the Act, *see* 50 U.S.C.App. § 1989b–4(f), and Minnesota's exemption statute. *See* Minn.Stat. § 550.37, subd. 22 (1990). The trustee objected to Ezaki's attempt to exempt the restitution amounts under either statute. On May 26, 1992, Judge Dreher sustained the objection. This appeal followed.

### Discussion

■■■ A district court's review of a bankruptcy court's determination of a question of law is de novo, but a bankruptcy court's findings of fact may not be set aside unless clearly erroneous. *Nuttleman v. Myers,* 128 B.R. 254, 255 (D.Neb.1991). In her order, Judge Dreher held that neither the Act nor Minnesota's exemption statute supported Ezaki's desired exemption. Whether either statute supports Ezaki's claimed exemption is a question of law.

### I. Does the Act Support the Exemption?

■■ Judge Dreher first concluded that 50 U.S.C.App. § 1989b–4(f) did not support the exemption because it was unrelated to the question of exempting certain property from the bankruptcy estate.[2] Judge Dreher reasoned that although the Act specifically exempted compensation paid from "income" for purposes of federal income taxation, there was nothing in the Act or its legislative history which supported a conclusion that Congress intended that provision to allow a debtor to exempt such payment from the bankruptcy estate.

Ezaki contends that Judge Dreher's determination was in error. Notwithstanding Ezaki's argument, this Court agrees with Judge Dreher. Congress has shown that it is fully capable of exempting certain property from attachment, garnishment, or levy by creditors, or administration in bankruptcy. *See e.g.,* 38 U.S.C. § 3101 (1988) (special

pension payments to Congressional Medal of Honor winners); 33 U.S.C. § 916 (payments for death and disability under Longshore and Harbor Workers' Compensation Act). In light of such experience, Congress's silence with regard to whether restitution payments may be exempted from the bankruptcy estate must be interpreted as an indication that Congress intended to not allow payments to be exempted. Accordingly, the Court affirms that portion of Judge Dreher's order sustaining the trustee's objection to the exemption on grounds that the Act does not support an exemption.

### II. Does Minnesota's Exemption Statute Support the Exemption?

■ Ezaki also objects to Judge Dreher's determination that his desired exemption is not supported by Minnesota's exemption statute. In her Order, Judge Dreher concluded that a right to restitution payments was not a "right of action" and that the payment was not for an "injury to the person of the debtor."

Ezaki argues that the statute's provision exempting "rights of action for injuries to the person of the debtor" includes restitution payments made to him under the Act. *See* Minn.Stat. § 550.37, subd. 22. Ezaki further argues that Judge Dreher incorrectly interpreted the Act's purposes and failed to properly interpret "right of action" as that term is used in Minn.Stat. § 550.37, subd. 22.

#### A. The Restitution Payment is a "Right of Action"

In order to gain an exemption under Minn. Stat. § 550.37, subdivision 22, Ezaki must show that: (1) his right to restitution payments is a "right of action" and (2) the payments are restitution for "injuries to the person." Ezaki first argues that his right to restitution under the Act is a "right of action." He contends that payments under the Act are settlements of claims against the United States and that under Minnesota law,

---

**2.** 50 U.S.C.App. § 1989b–4(f)(1) provides:
Amounts paid to an individual under this section—(1) shall be treated for purposes of the

internal revenue laws of the United States as damages for human suffering.

out of court settlements are rights of action under Minn.Stat. § 550.37, subd. 22.

■ The Court concludes that a right to monies paid in restitution under the Act is property which can be labelled a "right of action." The Act specifically states that restitution monies are "in full satisfaction of all claims against the United States arising out of" acts which deprived qualified individuals of their liberty. 50 U.S.C.App. § 1989b–4(a)(5). In addition, the Act states that individuals who "accept[ ] payment pursuant to an award of a final judgment or a settlement on a claim against the United States" for acts which deprived qualified individuals of their liberty are not entitled to restitution. 50 U.S.C.App. § 1989b–4(a)(6). When read together, these provisions support a conclusion that payments made under the Act are intended to settle potential claims against the United States. Accordingly, they are "rights of action" as that term is construed by Minnesota courts. *See Medill v. State*, 477 N.W.2d 703, 707 (Minn.1991) (discussing out-of-court settlements as one type of "right of action"). The definition of "right of action" is not as limited as the trustee believes it to be.[3]

### B.  The Restitution Payments Were Not For Injuries to Ezaki's Person

■ Even if a payment made under the Act is a right of action, Ezaki must also show that the settlement was a right of action for "injuries to [his] person." In other words, Ezaki must show that the restitution settled a personal injury claim arising from his internment. If the restitution payment is for injuries other than those properly labeled "injuries to the person," the restitution monies cannot be exempted under Minn.Stat. § 550.37, subdivision 22.

Judge Dreher concluded that the Act was intended to redress "a bundle of separate and distinct injuries, the precise nature and quantity of which are undeterminable." Judge Dreher further concluded that "while personal injuries appear to be among those injuries for which payment is being made, . . . [t]here is no record here of any personal injury to the debtor." In light of these conclusions, Judge Dreher held that Ezaki had not established that the restitution to which he was entitled was for injury to the person and that exemption thus was improper.

Ezaki contends that the Act was intended to provide redress for "human suffering" regardless of whether the suffering fits within a recognized legal theory. Ezaki further argues that Minn.Stat. § 550.37, subdivision 22, is intended to provide a broad exemption for rights of action resulting from injuries such as those addressed by the Act. Ezaki concludes that these two specific assertions support a general premise that his right to restitution under the Act is *per se* a right of action for "injuries to the person of the debtor." Ezaki further concludes that any other interpretation of the Act will result in an impermissibly "absurd" application of the exemption statute.

It is clear that the Act was intended, at least in part, to redress personal injuries suffered by those persons of Japanese ancestry who were interned during World War II. It is equally clear, however, that the Act does not merely redress personal injuries. Rather, the Act was intended to cover a broad spectrum of injuries and indignities, both tangible and intangible, real and personal. A study of the Act's language and its relevant legislative history simply does not merit a conclusion that Congress concluded that every interned person suffered some personal injury. Accordingly, payments under the

**3.** It is true that "right of action" is defined as "pertain[ing] to remedy and relief through judicial procedure." *See In re Bailey*, 84 B.R. 608, 610 n. 1 (Bkrtcy.D.Minn.1988). It is also true that under *Hohri v. United States*, 847 F.2d 779 (Fed.Cir.), *cert. denied*, 488 U.S. 925, 109 S.Ct. 307, 102 L.Ed.2d 326 (1988), Ezaki's claims against the United States are barred under *inter alia*, the two-year statute of limitations period in the Federal Tort Claims Act. 28 U.S.C. § 2401(b) (1988). That Ezaki could not litigate his claims to a favorable judgment does not, however, mean that the restitution payment is not a right of action. Any settlement that is used to settle claims one party has against another, whether those claims may be recovered upon, relates to gaining relief through judicial procedure. A claim may be too stale or premature to be actionable; nevertheless, if an individual, even the United States, chooses to settle that claim, the settlement is a "right of action."

Act are not *per se* settlements of claims for "injuries to the person."

 Because the Act itself does not label all harms suffered as "personal injuries," Ezaki is not entitled to an exemption unless he can establish that he actually suffered such an injury; absent an injury to his person, the monies were restitution for some other injury or loss.[4] Moreover, unless a personal injury has been endured, the broad purposes of the exemption statute simply are not called into play. *See Medill v. State,* 477 N.W.2d 703, 706 (Minn.1991) (general damages portion of a right of action for personal injuries "represents the monetary restoration of the *physically and mentally damaged* person") (emphasis added); *In re Carlson,* 40 B.R. 746, 750 (Bkrtcy.D.Minn.1984). In other words, unless a personal injury actually occurs, the debtor is not forced to pay his creditors with "a pound of flesh." *See In re Bailey,* 84 B.R. 608, 610 (Bkrtcy.D.Minn. 1988).

 The Court finds that Ezaki failed to establish the occurrence of an actual injury to his person. Although the Act makes restitution payments for any of several categories of injuries (the Act does not inquire into the actual injuries claimants suffered—including personal injuries), Ezaki may not exempt those payments under Minn.Stat. § 550.37, subdivision 22, unless he establishes that such an injury occurred.[5] Having failed to do so, the bankruptcy court properly sustained the trustee's objection to the claimed exemption.

4. Under Minn.Stat. § 550.37, subd. 22, the person seeking an exemption need only show that a settlement was for *an* "injury to the person." There is no requirement that the debtor suffer *only* personal injuries in order to bring it within Minn.Stat. § 550.37, subd. 22. The debtor, however, must establish that some specific personal injury actually occurred.

5. Although both the Act and Minnesota's exemption statute are intended to provide relief to certain categories of persons, the two do not share common purposes. The Act recognizes that persons of Japanese ancestry were wronged by the United States and that they are entitled to some compensation, without regard to the actual

## Conclusion

Based upon the files, records and proceedings herein, **IT IS ORDERED** that the Order of the Bankruptcy Court be, and the same hereby is, AFFIRMED.

circumstances of their internment. In short, the Act presumes that some injury occurred; what that injury was is of no concern.

Minnesota's exemption statute, however, seeks to provide relief to debtors only upon proof of a certain set of circumstances. Specifically, Minn.Stat. § 550.37, subd. 22, provides an exemption only upon proof that a debtor has a right of action for an injury to his or her person. In short, that provision does not assume that some personal injury occurred; rather both the right of action and the injury must be established by the debtor. Accordingly, sustaining the trustee's objection in this case is not an "absurd or unreasonable result."