**In re Samuel Leon HURST and Carol Lee Hurst, Debtors.**

Bankruptcy No. 98–5–9896–SD.

United States Bankruptcy Court,
D. Maryland,
at Baltimore.

Sept. 9, 1999.

Frank B. Cahn, Baltimore, Maryland, for the debtors.

Marc H. Baer, Baltimore, Maryland, Chapter 7 Trustee.

Karen H. Moore, Assistant U.S. Trustee, Office of the U.S. Trustee, Baltimore, Maryland, for the U.S. Trustee.

## MEMORANDUM AND ORDER SUSTAINING, IN PART, TRUSTEE'S SECOND OBJECTION TO PROPERTY CLAIMED AS EXEMPT

E. STEPHEN DERBY, Bankruptcy Judge.

Before the court is the Trustee's Second Objection to Property Claimed as Exempt. The debtors, Samuel Leon Hurst and Carol Lee Hurst ("Debtors"), have claimed a personal injury claim of Ms. Hurst as exempt. The issue the court must resolve is whether lost wages can properly be exempted under Maryland's personal injury exemption. Because the court concludes that lost wages may not be exempted, the objection will be sustained.

Certain facts are not in dispute. Ms. Hurst suffered a prepetition injury. Her personal injury claim is worth approximately $15,000. While she was injured Ms. Hurst lost wages totaling $12,000; and Debtors have included her lost wages in the $15,000 estimated value of Mrs. Hurst's claim. Debtors scheduled $15,000 exempt as a result of the Mrs. Hurst's injury. The Trustee timely objected to the exemption within the thirty days allowed to object to amended schedules. *See* Fed. R.Bankr.P. 4003(b); *Taylor v. Freeland & Kronz,* 503 U.S. 638, 643, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

The Trustee argues that $12,000 of the $15,000 exemption should not be allowed because that portion of any settlement or award would be for lost wages. Debtors argue that while up to $12,000 of any settlement or award may be for lost wages, it is unlikely that any settlement or verdict will determine what portion is for lost wages. Nevertheless, Debtors assert, the lost wages are exempt under Maryland's personal injury exemption. No settlement has been reached or verdict rendered on the personal injury claim.

Maryland has elected to opt-out of the federal bankruptcy exemptions as permitted under 11 U.S.C. § 522(b)(1). *See* Md. Code Ann., Cts. & Jud.Proc. § 11–504(g) ("C & JP"). The Constitution of the State of Maryland requires that "[l]aws shall be passed by the General Assembly, to protect from execution a reasonable amount of the property of the debtor." Md. Const. Art. III § 44. Pursuant to this constitutional requirement the General Assembly of Maryland passed a personal injury exemption, which provides an exemption for:

Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance, benefits, compensa-

tion, and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability is incurred. C & JP § 11–504(b)(2).

■ Under Maryland law exemptions are to be liberally construed to effect the purpose for which they were enacted. *See Muhr v. Pinover,* 67 Md. 480, 487, 10 A. 289 (1887); *In re Taylor,* 312 Md. 58, 71 n. 5, 537 A.2d 1179, 1185 n. 5 (1988). *See also In re Solomon,* 166 B.R. 832, 838 (Bankr.D.Md.1994), *aff'd, Solomon v. Cosby,* 173 B.R. 325 (D.Md.1994), *rev'd on other grounds, In re Solomon,* 67 F.3d 1128 (4th Cir.1995). "[T]here is no legislative history to review to definitively ascertain the subsections's meaning." *In re Royal,* 165 B.R. 802, 804 (Bankr.D.Md. 1994). Therefore, a court must adopt a reading that avoids a constitutional conflict, if such a reading exists. *See Curran v. Price,* 334 Md. 149, 172 638 A.2d 93, 104–05 (1994); *In re Butcher,* 125 F.3d 238, 241 (4th Cir.1997), *aff'g* 189 B.R. 357 (Bankr.D.Md.1995). Pursuant to this rule, reasonableness can be read into C & JP § 11–504(b)(2) by "limiting the exemption [to] funds necessary to recompense the debtor for injuries to his physical person, to make the debtor whole in the eyes of the law, and to restore human capital to the extent monetarily possible." *Id. See also In re Butcher,* 189 B.R. at 365 ("[Section 11–504(b)(2)] is an attempt to restore human capital; to preserve money that makes an injured debtor whole in the eyes of the law.").

■ In *Niedermayer v. Adelman,* 90 B.R. 146 (D.Md.1988), the District Court explained the purpose of Maryland's C & JP § 11–504(b)(2), as follows:

[A]n exemption law that permits a debtor to retain his claim to recompense himself for personal injury avoids a creditor's stripping him of his means of possibly becoming whole when injured in tort. The law will, within limits, allow for the attachment of his property for the satisfaction of debts, and for that matter lawsuits that go with the property, but it will not allow for attachment of his person for such purpose. Under these principles we can expect that a car which is burned in an electrical fire will be subject to attachment, as would be any claim against the insurance company for the fire loss. On the other hand, a person is not a chattel subject to attachment in satisfaction of a debt, and so, too, a lawsuit seeking to recompense him for damage to his person is likewise protected from attachment.

90 B.R. at 148. The court concluded: "[t]he test in determining whether a claim for 'injury of the person' falls within the exemption ·of this statute is whether the claim is for injury to property of the debtor or whether it is for injury to the person proper." *Id.* at 149. Only injuries to the person proper will be exempt under C & JP 11–504(b)(2). *See id.* The present situation is similar to the car example discussed in *Niedermayer.* Like the car, the right to receive wages that are due is a property right. The fact that Mrs. Hurst may obtain a recovery for lost prepetition wages does not alter the character of wages due as a property right.

■ The purpose of C & JP § 11–504(b)(2) is to make whole, in the eyes of the law, a person who has been injured. Section 11–504(b)(2) forbids attachment of money that was awarded to a person for sickness, accident, injury, or death, thereby protecting a debtor from being required to pay her creditors with a pound of flesh. *See In re Butcher,* 189 B.R. at 365. Section 11–504(b)(2) does not, however, expressly forbid attachment of money awarded for lost wages. In the present case, Debtors are attempting to exempt money that would be awarded for lost wages.

■ Further, if Ms. Hurst had not been injured, the unspent wages she would have earned had she worked would have been property of the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1). If she could exempt lost wages under CJ & P § 11–504(b)(2)

**92**

simply because she was injured, she would receive a windfall to which she would not have been entitled had she not been injured. *See In re Bailey*, 84 B.R. 608, 611 (Bankr.D.Minn.1988). Consequently, the court concludes that any portion of Ms. Hurst's personal injury settlement or award that is for prepetition lost wages may not be exempted under C & JP § 11–504(b)(2).

Maryland's personal injury exemption is similar to that of Minnesota, and several Minnesota cases are analogous to this case. *See Butcher*, 189 B.R. at 365 n. 5. Although Minnesota has not "opted out" of the federal exemptions, it allows a debtor to chose either the federal exemptions or the Minnesota exemptions. *See* Minn.Stat. § 550.371 subd. 1 ("the exemptions set forth in ... 11 U.S.C. § 522(d) shall be available to residents of this state."). *See also In re Thompson*, 884 F.2d 1100, 1102 (8th Cir.1989). In the following case, the debtor chose the Minnesota exemptions.

In *In re Cook*, 138 B.R. 943 (Bankr. D.Minn.1992), the court stated that personal injury recoveries are for either general damages or special damages. *See id.* at 945. The court defined general damages as damages for injuries to the person, loss of future earning potential, physical and mental pain and suffering, and reasonable future medical expenses. *See id. See also* Black's Law Dictionary 391 (6th ed.1990). The court further stated that "[s]pecial damages include: existing medical costs; *actual lost income;* existing non-medical costs and expenses; and property lost, damages or destroyed in the incident that caused the injury." *Cook*, 138 B.R. at 945 (emphasis added). *See also* Black's Law Dictionary 392. The court concluded that the Minnesota exemption statute could be applied to general damages and post petition special damages but could not be applied to prepetition special damages. *See id.* at 946. *See also In re Bailey*, 84 B.R. at 611; *Medill*, 477 N.W.2d at 708 (stating in dicta that special damages would not be ex-

empt under Minnesota's personal injury exemption statute). The reasoning is that "[b]ecause past special damages reimburse an individual for expenses that will ordinarily be discharged in bankruptcy, exemption of those proceeds would represent a windfall to the debtor." *Medill v. State*, 477 N.W.2d 703, 706 (Minn.1991).

Having concluded that lost wages are not exempt, court must determine what portion of the claimed exemption is for lost wages. Bankruptcy Rule 4003(c) states that "the objecting party has the burden of proving that the exemptions are not properly claimed." Fed. R.Bankr.P. 4003(c). "[A]s long as the Debtor either expressly or impliedly characterizes the settlement as falling within the exempt category, the Trustee retains the burden of proof and must present evidence to the court if he wishes to prevail on his objection." *In re Lester*, 141 B.R. 157, 162 (S.D.Ohio 1991). Once the Trustee meets his burden, the debtor has an opportunity to show that the exemption is valid. *See id.* at 161. If the court would have to speculate on how an injury award should be allocated, the objecting party has the burden of proving what portion is not exempt. *See id.* at 162; *In re Blizard*, 81 B.R. 431, 432 (Bankr.W.D.Ky.1988); *In re Harris*, 50 B.R. 157, 159 (Bankr. E.D.Wis.1985). *See also* 9 Lawrence P. King, Collier On Bankruptcy ¶ 4003.04 at 4003–15 (15th ed. revised). Debtors admit that Ms. Hurst lost approximately $12,000 in wages due to her injury. Therefore, the Trustee has met his burden of proof and shown that $12,000 of Ms. Hurst's personal injury claim is for lost wages. Consequently, Debtors' scheduled exemption must be reduced by $12,000, unless Debtors are able to counter that an actual award or settlement for lost wages is less, which they have not done.

In conclusion, although Maryland exemptions are to be construed liberally, the Maryland Legislature did not intend C & JP § 11–504(b)(2) to include lost wages. The exemption's wording, as well as its

case history, support this conclusion as a proper reading of the exemption. Consequently, Debtors may not exempt that portion of Ms. Hurst's award or settlement that is for lost wages.

Therefore, upon consideration of the Trustee's Second Objection to Property Claimed as Exempt, and the Debtors' response, it is this 9th day of September, 1999, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the Trustee's Second Objection to Property Claimed as Exempt is sustained as to the $12,000 portion of Ms. Hurst's personal injury claim that is for lost wages.