**In re Orlando HERNANDEZ, Debtor.**

**No. 01–1–8334PM.**

United States Bankruptcy Court, D. Maryland.

Nov. 16, 2001.

---

John Douglas Burns, Greenbelt, MD, for debtor.

Jeffrey M. Orenstein, Goren & Wolff, Rockville, MD, for trustee.

Richard G. Solomon, Rockville, MD, for creditor.

### MEMORANDUM OF DECISION

PAUL MANNES, Bankruptcy Judge.

This case comes before court on the Trustee's Objection to the Debtor's Exemption of Personal Injury Recovery. The funds in question are being held by debtor's personal injury attorney pending this court's decision. The matter came before the court for hearing on November 1, 2001, at which time the court received a stipulation of fact from the parties and heard the testimony of Erin Patricia Band, Esquire, debtor's personal injury attorney.

The debtor claims as exempt all settlement proceeds of his claim pursuant to MD.CODE ANN.CTS. & JUD.PROC. § 11–504(b)(2) (1998) that provides:

### § 11–504. Exemptions from execution.

(b) *In general*—The following items are exempt from execution on a judgment:

\*   \*   \*   \*   \*   \*

(2) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance, benefits, compensation, and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability is incurred.

Debtor urges that by virtue of this section of the Maryland Code, he may receive the settlement proceeds free of all claims of the medical service providers who provided treatment for him following the one-car accident that caused the injuries. He also disputes any liability for the payment of fees to the personal injury attorney who handled his claim.

The evidence received by the court consisted of the testimony of one witness, two exhibits and a stipulation of facts. Debtor's personal injury attorney testified that after she presented evidence that the debtor had incurred over $50,000 in medical bills as a result of the accident, the insurance carrier for the driver responsible for the accident made an offer in settlement equal to the $50,000 policy limits of the driver's liability insurance policy. The parties stipulated that as debtor was not employed before the accident, there were no

lost wages. Neither the insurance carrier nor debtor's attorney made any allocation of the amount received between reimbursement of medical expenses and injuries to the body.

In resolving this dispute, the court notes that this question of Maryland law can only be resolved with certainty by a decision of the Maryland Court of Appeals. There is no legislative history to review to help understand the statute's meaning. *In re Royal,* 165 B.R. 802, 804 (Bankr.D.Md. 1994). Maryland law does not provide for certification of a question of state law by the bankruptcy court. *In re Butcher,* 189 B.R. 357, 364 (Bankr.D.Md.1995). The court is left to chart its course through the murky waters of Maryland exemption law aided only by prior federal court decisions.

■■■ Maryland's exemption laws are to be liberally construed. *In re Dobbins,* 249 B.R. 849, 852 (Bankr.D.Md.2000). The "test in determining whether a claim for 'injury of the person' falls within the exemption of this statute is whether the claim is for injury to the property of the debtor or whether it is for injury to the person proper. If the latter, it will be exempt." *Niedermayer v. Adelman,* 90 B.R. 146, 149 (D.Md.1988).

■■■ In the case of *In re Hurst,* 239 B.R. 89, 92 (Bankr.D.Md.1999), Judge Derby thoroughly reviewed Maryland law and precedent and compared it with the similar law of the State of Minnesota. While in *Hurst,* Judge Derby discussed only the issue of whether lost wages may be exempted under § 11–504(b)(2), his discussion of the bifurcation of pre-petition and future medical costs is persuasive. In a later decision that is found on this court's web site, *In re Verna Anderson,* 99–5–6749–SD, Judge Derby extended the **Hurst** ruling to exclude from the personal injury exemption money received on account of dischargeable pre-petition medical

costs. This is a logical extension of *Hurst,* because a chapter 7 debtor's legal obligations to repay these expenses would be extinguished by the debtor's discharge.

This holding is consistent with Fourth Circuit precedent found in the case of *In re Butcher,* 125 F.3d 238, 241–42 (C.A.4 1997) a case involving an objection to exemption of the proceeds of a structured settlement in a personal injury case. The court pointed out that "the statute intended only to exempt money due to and compensatory for sickness, accident, injury or death. In so limiting the exemption, the legislature made manifest its objective of withholding from creditors funds necessary to recompense the debtor for injuries to his physical person, to make the debtor whole in the eyes of the law, and to restore human capital to the extent monetarily possible.... Thus, it implies a payment that counterbalances injury, intending the amount of money to be equal to the value of the injury, but no greater.... Indeed, it would be irrational to read the exemption to encompass funds which are not reasonably related to compensation for 'sickness, accident, injury, or death.' "

Assume for the purposes of this discussion, that an individual is involved in an automobile accident and sustains a serious injury but without any residual effects. As is easily possible in these days of skyrocketing medical costs, the injured party incurs medical bills of over $100,000 and receives $100,000 in settlement of her claim. Under debtor's theory, were that person to file a bankruptcy case, the entire proceeds of the settlement could be claimed as exempt so that the debtor could walk away with a windfall at the expense of those creditors who extended the medical care that made the recovery possible.

The court adopts Judge Derby's reasoning in *Anderson.* Because the components

of the debtor's personal injury exemption claim have not been separately stated or assigned a value, the court will allow debt- or 30 days to amend his schedule of exemptions.

An appropriate order will be entered.