**In re Stephen G. BABCOCK, Debtor.**

**Bankruptcy No. 3–84–599.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Nov. 28, 1984.

James Dailey, Mankato, Minn., for debtor.

Kelton Gage, Mankato, Minn., for Norwest Bank of Mankato.

## ORDER

JOHN J. CONNELLY, Bankruptcy Judge.

This matter came before the court on the objection of Norwest Bank of Mankato, N.A., ("Norwest") to the debtor's claim of exemption of a state court action against Norwest and another party. The debtor's cause of action, now pending in Blue Earth County District Court, was commenced prior to the filing of the debtor's bankruptcy petition.

The state court action arises from the alleged actions of Norwest and its agents in the re-routing of mail addressed to the Mankato Stone Center and to the Babcock Company from September 13 through September 15, 1983. In his complaint, the debtor asserted two causes of action against Norwest: 1) invasion of privacy, and 2) conversion. The Blue Earth County District Court in an order dated February 8, 1984 dismissed the first cause of action, invasion of privacy, with prejudice. The conversion action was reserved for a trial on the merits. On March 30, 1984 the debtor filed a Chapter 7 petition for bankruptcy. In the petition, the debtor claimed as exempt the aforementioned causes of

action pursuant to 11 U.S.C. § 522(b)(2) and M.S. § 550.37(22).[1]

Norwest argues that the debtor's state court action for conversion is not within the scope of the exemption provided by the Minnesota Statutes.

## I

The debtor has the right under 11 U.S.C. § 522(b)(2) to claim as exempt in his bankruptcy those exemptions granted to him by the laws of the State of Minnesota. The debtor has exercised this right, claiming that his cause of action against Norwest is exempt from the bankruptcy estate. This exemption dispute centers around Minn. Stat. § 550.37(22) which provides:

> Subd. 1. The property mentioned in this section is not liable to attachment, garnishment, or sale on any final process, issued from any court ....
>
> Subd. 22. Rights of action for injuries to the person of the debtor or a relative whether or not resulting in death. (1947 and Supp.1984).

Subd. 22 was added by 1980 Minn. Laws, C. 599, in a conference committee. There were no committee reports or committee hearings discussing the meaning of the subdivision. The only reported case found by this court dealing with subd. 22 is *In re Carlson*, 40 B.R. 746 (Bkrptcy.D.Minn. 1984). In a well-reasoned decision, Judge Kressel held that subd. 22 was added by the Minnesota Legislature in direct response to the then new federal bankruptcy exemptions allowed in 11 U.S.C. § 522(d), bringing the state exemptions into conformity with federal exemptions.

In examining the difference between 11 U.S.C. § 522(d)(11) and subd. 22, the court in *Carlson* felt that subd. 22 was intended to be broader than the exemption provided in § 522(d)(11). Although this court agrees with Judge Kressel's analysis, this court does not read *Carlson* as expanding the scope of subd. 22 beyond that intended by the Minnesota Legislature.

## II

The court is not persuaded by the debtor's argument. Section 522(d)(11) provides in pertinent part:

> The debtor's right to receive, or property that is traceable to-
>
> (d) a payment, not to exceed $7,500.00, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent;

House Report 95–595 contains the only discussion on the scope of this exemption. "This provision in subparagraph (d)(11) is designed to cover payments in compensation of actual bodily injury, such as the loss of a limb, ...." H.R. 95–595 at 362, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6318.

The legislature could have added additional language expanding the scope beyond actual "bodily injury," but chose not to. Therefore, the court concludes the absence of such additional language was intentional.

The court also recognizes that the Rules of Statutory Construction dictate that words of a statute are to be viewed in their setting, not isolated from their context. *Chiode v. Board of Education*, 298 Minn. 380, 215 N.W.2d 806 (1974). The phrase "injuries to the person" must be read in conjunction with the phrase "whether or not resulting in death." Clearly, the phrase "whether or not resulting in death" defines the type of injury contemplated by the legislature. This court concludes that the legislature envisioned actual bodily injury, such as a cut, bruise, or broken limb, as distinguished from an injury to a person's property. An action in conversion for damages to property is not "bodily injury" which could result in death. Therefore, the

---

**1.** The debtor contends that the district court's order dismissing the invasion of privacy claim is not "final" until the debtor's right to appeal is exhausted. The court notes that no supersedeas bond has been filed, making the debtor's contention moot. (Minn.R.App. Rule 108.01 (1974 Supp. 83) ).

debtor's claim against Norwest for conversion is not an exemptible asset under Minn. Stat. § 550.37(22).

WHEREFORE, IT IS ORDERED that the debtor's exemption is denied.