**In re Edward Charles MARANDA, Jr., Debtor.**

**Bankruptcy No. 4–92–833.**

United States Bankruptcy Court, D. Minnesota.

May 5, 1994.

---

J. Thomas Church, Minneapolis, MN, for Objecting Party.

Michael J. Iannacone, St. Paul, MN, for Defendant.

## ORDER SUSTAINING OBJECTION TO EXEMPTION

ROBERT J. KRESSEL, Bankruptcy Judge.

This case came on for hearing on the objection of Mary Maranda to the debtor's claim of exempt property. J. Thomas Church appeared for Mary Maranda and Michael J. Iannacone appeared for the debtor. Pursuant to the pleadings and the file in this case, I make the following memorandum order:

### BACKGROUND [1]

#### Pre-bankruptcy

The debtor and Mary Maranda were formerly married. They were divorced in August of 1979. In 1985, Mary Maranda moved the Ramsey County District Court to reopen the divorce judgment and decree based on the debtor's fraud. That motion was granted and on February 10, 1988, the district court granted judgment in favor of Mary Maranda in the amount of $589,056.00, including attorney fees, costs, expert fees, and interest. Numerous postjudgment motions and appeals ensued, leading ultimately to a December 29, 1989, opinion by the Minnesota Supreme Court. *Maranda v. Maranda,* 449 N.W.2d 158 (Minn.1989).[2] The supreme court basically affirmed the district court, but changed the amount of the judgment and remanded with instructions to enter a judgment in the amount of $380,000.00 plus attorney fees and costs. An amended order was entered by the district court on June 11, 1990. The amended judgment was to include the $380,000.00 indicated by the supreme court, $17,260.00 for attorney's fees and costs, and $375.00 for expert witness fees, and $5,500.00 in attorney's fees awarded by the supreme court and decreased by partial satisfactions of $17,314.96 and $7,037.55, together with postjudgment interest.[3] Thereafter, in an attempt to collect her judgment, Mary Maranda sought the appointment of a receiver, pursuant to Minn.Stat. § 576.01, subd. 2 and 4. The district court granted that relief and appointed a receiver on August 2, 1990.

Somewhere during all of this, the debtor asserted a legal malpractice claim against Shirley Reider, an attorney who had represented him during portions of his marriage dissolution proceedings. The receiver negotiated with Reider's insurance carrier a settlement of that claim for $40,000.00. The receiver moved the district court to approve the settlement. The district court approved the settlement but allowed the debtor an opportunity to purchase the malpractice claim from the receiver for the amount of $40,000.00 within thirty days of the court's order of December 31, 1991. The debtor did not purchase the malpractice claim from the receiver.

#### The Bankruptcy Case

The debtor filed a case under chapter 11 on January 31, 1992. Among the assets he listed in Schedule B to his petition was "malpractice claim against Shirley Reider with an unknown value." The debtor did not claim an exemption for the malpractice claim.[4] On

---

1. Pleadings regarding the objection to exemption are skimpy, but the basic background of this dispute can be gleaned from other pleadings in the file.

2. The opinion of the supreme court contains a much more detailed summary of the background leading up to the Court's opinion.

3. The actual judgment entered by the clerk of the district court does not appear in the record.

4. In fact, he claimed no exemptions. Rather, on Schedule C, which provides for the claiming of exemptions, he inserted the following language:

July 30, 1992, the debtor moved to approve his rejection of the settlement agreement between the state court receiver and Reider's insurance company. That motion was denied on July 30, 1992.

The debtor filed a plan on November 1, 1993, and an amended plan on December 30, 1993. Objections to confirmation were filed by Mary Maranda and by the United States Trustee and the plan was not accepted by any of the four classes in the plan. The plan was withdrawn prior to the confirmation hearing on February 16, 1994.

On February 23, 1994, the debtor converted his case to a case under chapter 7.

On March 10, 1994, the debtor filed an Amended Schedule C claiming an exemption for the malpractice claim under Minn.Stat. § 550.37, subd. 16 and 22. On April 8, 1994, Mary Maranda objected to that claim of exemption. The debtor filed a response to the objection on April 26, 1994, and a hearing was held on April 27, 1994.

### DISCUSSION

#### Minn.Stat. § 550.37, subd. 16

■ The debtor first claims that the malpractice claim is exempt under Minn.Stat. § 550.37, subd. 16 which provides an exemption for:

> The claim for damages recoverable by any person by reason of a levy upon or sale under execution of the person's exempt personal property, or by reason of the wrongful taking or detention of such property by any person, and any judgment recovered for such damages.

The debtor has asserted no basis in law or fact for this exemption claim. It does not seem to have any applicability at all to the malpractice claim and, in fact, was not even mentioned in the debtor's response to Mary Maranda's objection, except by an apparently erroneous citation.[5] I take it that the debtor

---

Debtor reserves the right to file a Schedule C if converted to chapter 7 or if necessary to confirmation of a plan of reorganization.

**5.** As will be discussed in the next section, the one page response argues that the malpractice claim is, in fact, an injury to the debtor's person "with-

has abandoned his exemption claim under subd. 16. To the extent that he has not, the objection to that claim is sustained.

#### Minn.Stat. § 550.37, subd. 22

■ The debtor also claims an exemption for his malpractice claim under Minn.Stat. § 550.37, subd. 22, which provides an exemption for:

> Rights of action for injuries to the person of the debtor or of a relative whether or not resulting in death.

It is difficult to capsulize the debtor's explanation for why a legal malpractice claim results in injury to the debtor's person. Therefore, I will quote the debtor's pleading in full:

> Legal malpractice, which resulted in judgment finding that the debtor committed 'fraud' upon the Court has resulted in a liable or slander against Debtor's business reputation which has rendered it difficult for Debtor to obtain employment since his profession involves the sale of insurance contracts. The malpractice resulting in the fraud determination has injured Debtor's business reputation, which is an injury to the debtor's person. But for the malpractice, the injury to Debtor's reputation would not have occurred. Damage to the debtor's reputation, is damage to the person within the meaning of 11 U.S.C. § 550.37, subd. 16.

Other than making unsubstantiated factual allegations which are not in the record anywhere, the debtor makes two totally erroneous leaps in logic—concluding in two different places that injury to the debtor's business reputation and damage to the debtor's reputation is damage to the person. The debtor cites no support for this leap in logic and, of course, there is none.

The obvious import of the statute is to create an exemption for personal injury claims, i.e., damages suffered as a result of

---

in the meaning of 11 U.S.C. § 550.37, subd. 16." The citation, in addition to putting § 550.37 in the Federal Bankruptcy Code rather than the Minnesota Statutes, cites to subd. 16 rather than subd. 22, which is the exemption dealing with injuries to the person.

injuries suffered by the debtor's body or person. The thrust of the debtor's argument really is that any damage suffered by a debtor is exemptible under subd. 22 as injury to the person of the debtor. This essentially reads the words "to the person of" out of the statute and would create an exemption for any injury to the debtor.

Even if there was somehow some ambiguity in the statute, there is a whole series of reported cases treating this exemption as one which exempts what lawyers more commonly would call "personal injury claims." As noted by the court, *In re Carlson*, 40 B.R. 746 (Bankr.D.Minn.1984), subd. 22 was enacted by the Minnesota Legislature in 1982 as part of an overall statutory scheme which had its roots in the Bankruptcy Act. The Bankruptcy Act excluded from property that vested in the trustee, "injuries to the person of the bankrupt or of a relative, whether or not resulting in death." Thus, under the old Bankruptcy Act, personal injury claims never passed to the trustee. Under the Bankruptcy Code, which was effective October 1, 1979, all such claims did become property of the estate, but a Bankruptcy Code exemption was created for "a payment, not to exceed $7,500.00, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent." U.S.C. § 522(d)(11)(D). It is clear that the Minnesota legislature intended to retain the old Bankruptcy Act result of completely exempting personal injury claims from the estate when debtor's availed themselves of the Minnesota exemptions.

In another case decided in 1984, the court rejected a claim by a debtor that causes of action for invasion of privacy and conversion were exemptible under subd. 22, holding that:

> This court concludes that the legislature envisioned actual bodily injury, such as a cut, bruise, or broken limb, as distinguished from an injury to a person's property.

*In re Babcock*, 44 B.R. 521 (Bankr.D.Minn. 1984).

A later series of three cases treated subd. 22 as an exemption for personal injury claims consistent with that addressed by the court in *Babcock*. *See, In re Bailey*, 84 B.R. 608 (Bankr.D.Minn.1988); *Medill v. State*, 477 N.W.2d 703 (Minn.1991) (In which the Minnesota Supreme Court deals with subd. 22 as one dealing with "compensation for personal injuries and the resolution of personal injury actions."), and *In re Cook*, 138 B.R. 943 (Bankr.D.Minn.1992).

In two more recent cases, the court rejected attempts to bring claims for restitution under the Civil Liberties Act, *In re Ezaki*, 140 B.R. 747 (Bankr.D.Minn.1992) and benefits under workers' compensation statutes, *In re Gagne*, 163 B.R. 819 (Bankr.D.Minn.1994) within the purview of subd. 22.

### CONCLUSION

The statute itself is quite clear that "injuries to the person" are injuries in the nature of bodily injury. In addition, an unbroken line of cases in this court and one in the Minnesota Supreme Court have uniformly construed the statute as being limited to bodily injury claims.

THEREFORE, IT IS ORDERED: The debtor's claim of exemption for a malpractice claim against Shirley Reider is denied.