Mary Langan Cox, Minneapolis, for Chapter 7 Trustee John A. Hedback.

**In re Pamela J. CRAWFORD, Debtor.**

**Bankruptcy No. 3–94–1365–DDO.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Sept. 26, 1994.

## ORDER

DENNIS O'BRIEN, Chief Judge.

This matter came before the Court for hearing on July 21, 1994, pursuant to an objection by the Chapter 7 Trustee to the Debtor's claimed exemption, under 11 U.S.C. § 522(b)(2)(A) and Minn. Stat. § 550.37 subd. 22, of a right of action for sexual discrimination and harassment. Mary E. Langan appeared on behalf of the Trustee and Keith Chwialkowski appeared on behalf of the Debtor. Upon review of the pleadings, memoranda and arguments of counsel, and being otherwise fully advised in the matter, the Court now makes this **ORDER** pursuant the Federal and Local Rules of Bankruptcy Procedure.

### I.

Prior to the filing of her Chapter 7 Petition, Pamela J. Crawford, the Debtor, commenced an action in the United States

district court against Norwest Bank Corporation (Norwest). Ms. Crawford's complaint asserted six counts, alleging: sex, disability and marital status discrimination; and, retaliation, defamation, violation of Minn. Stat. § 181.960, and other claims against her employer Norwest. The discrimination allegations were specifically plead, and were based on the following federal and state statutes, and common law:

(Count I) Title VII of the 1964 and 1991 Civil Rights Act;

(Count II) The MN Human Rights Act: Sex, Marital Status and Disability Discrimination, specifically Minn. Stat. § 363.03 subd. 7;

(Count III) The American with Disabilities Act (ADA) Title VII of the Civil Rights Act of 1964 and 1991;

(Count IV) a violation of the ADA;

(Count V) an action for common law defamation; and

(Count VI) an action for violation of Minn. Stat. § 181.961, for Norwest's failure to provide Debtor with her employment file upon request.[1]

Ms. Crawford specifically sought relief from the district court for "compensatory damages, including damages for pain and suffering." (*See* the Debtor's complaint, # 4–94 Civil 99.) During the pendency of this district court civil action, she sought Chapter 7 protection, filing her Petition for Relief on March 2,1994. Upon filing, the Debtor claimed federal exemptions provided in 11 U.S.C. § 522(d). One of her claimed exemptions was the "[d]iscrimination suit against Norwest Bank, ... unknown amount". (*See* Schedule C to Debtor's Petition dated March 24, 1994.)

Ms.Crawford later amended her schedules, claiming exemptions under Minn. Stat. § 550.37. She sought to exempt the entire value of the Norwest Bank suit, now described as the "Personal Injury Case Pending", pursuant to Minn. Stat. § 550.37 subd. 22. (See Debtor's amended schedules dated May 18, 1994.)

The Debtor and Norwest settled the lawsuit on May 19, 1994. The parties did not obtain consent of the Trustee or approval from the Bankruptcy Court regarding the settlement. Ms. Crawford agreed to settle the claims against Norwest for $50,000, in exchange for a release of Norwest's liability in the matter and dismissal of the district court action.[2]

On June 17, 1994, the Chapter 7 Trustee, John A. Hedback, timely objected to the Debtor's claimed exemption of the Norwest suit. The Trustee argues that the Debtor's claim against Norwest was not one for "personal injury", and therefore she could not claim an exemption for this action under Minn.Stat. § 550.37 subd. 22. The Debtor argues that the action was for injuries to the person within the meaning of the exemption statute, since she sought both general and special damages, including damages for pain and suffering.

## II.

The Debtor asserts that she is entitled to an exemption under Minn. Stat. § 550.37 subd. 22 for the "personal injury" action brought against her former employer for its violations of various federal and state anti-discrimination statutes, and for common law defamation. Minn. Stat. § 550.37 subd. 22 provides an exemption for "rights of action for injuries to the person of the Debtor or of a relative whether or not resulting in death." The issue here is whether the action against Norwest included "rights of action for injuries to the person" within the meaning of the statute.

---

1. These federal and state statutes provide for rights of action for employment discrimination claims, and entitle a plaintiff to damages, including back pay, lost benefits, compensatory damages, costs, attorney's fees and other relief, for statutory violation.

2. The May 19, 1994, settlement agreement between the Pamela J. Crawford and Norwest Bank

states specifically "Crawford has maintained an action alleging sex, disability and marital status discrimination and retaliation, defamation, violation of Minn. Stat. sec. 181.960 and other claims, and claims that she would be entitled to receive back pay, front pay, lost benefits, compensatory damages(including damages for pain and suffering), costs, attorneys fees, and other relief ..."

The scope of Minn.Stat. § 550.37 subd. 22 has been addressed in several bankruptcy court decisions of this district. Ms. Crawford's suit against Norwest did not include a right of action for personal injury. Her rights of action, for the most part, arose from federal and state statutes that were designed to remedy those harmed by discrimination. These rights of action are not "personal injury" claims. Neither is an action for defamation. *See In re Carlson,* 40 B.R. 746 (Bankr. D.Minn.1984). *In re Babcock,* 44 B.R. 521 (Bankr.D.Minn.1984). *In re Maranda,* 208 B.R. 467 (Bankr.D.Minn.1994). The fact that Ms. Crawford sought damages for pain and suffering, and other general damages, did not transform the action into one for injury to the person.

## III.

Based on the foregoing, it is hereby **ORDERED**: the Trustee's objection to Debtor's claimed exemption regarding her pre-petition district court action against Norwest is sustained, and the action and settlement remain property of the estate.