**In re Steven Allen MARSHALL, Debtor.**

**Bankruptcy No. 95–50588.**

United States Bankruptcy Court,
D. Minnesota.

May 27, 1997.

Clayton D. Halunen, Talarico & Halunen, Ltd., Duluth, MN, for debtor.

Paul J. Sandelin, Gammello & Sandelin, P.A., Pequot Lakes, MN, for trustee.

ROBERT J. KRESSEL, Bankruptcy Judge.

This case came on for hearing on the trustee's objection to the debtor's claim of exemption. Clayton D. Halunen appeared for the debtor and Paul J. Sandelin, the trustee, appeared in *propria persona.*

This court has jurisdiction over the motion pursuant to 28 U.S.C. §§ 157(b)(1) and 1334, and Local Rule 201. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

## BACKGROUND

The debtor is a former employee of The Original Cookie Company. Over the course of his employment, the debtor contends that he was subjected to sexual harassment by the company's district manager. On June 17, 1994, the debtor quit his job and subsequently filed a lawsuit against the company. The debtor's lawsuit alleges violations of the Minnesota Human Rights Act, negligent infliction of emotional distress and negligent hiring and retention of company employees.

The debtor's lawsuit was pending when he filed his Chapter 7 petition on October 12, 1995. Pursuant to 11 U.S.C. § 522(b)(2), the debtor elected to exempt property under state law. Accordingly, in Schedule C, the debtor claimed the sexual harassment claim against his former employer as exempt under Minn.Stat. § 550.37, subd. 22. In this motion, the trustee objects to the debtor's claim.

## DISCUSSION

Minnesota Statute § 550.37, subd. 22, provides an exemption for "[r]ights of action for injuries *to the person of the debtor ...* whether or not resulting in death." Minn. Stat. § 550.37, subd. 22 (emphasis added). The issue, then, is whether the debtor's sexual harassment claim constitutes an "injury to the person" for purposes of Minn.Stat. § 550.37, subd. 22.

In an unbroken line of cases in this district, courts have construed Minn.Stat. § 550.37, subd. 22, to require physical injury to the debtor's *person,* where person is equated with "body." For example, in *In re Babcock,* 44 B.R. 521 (Bankr.D.Minn.1984), the court held that a debtor's claim for conversion did not constitute an "injury to the person" under Minn.Stat. § 550.37, subd. 22. In arriving at its holding, the court noted that the statutory language—specifically the word "death"—provides the parameters for exempt injuries:

The phrase "injuries to the person" must be read in conjunction with the phrase "whether or not resulting in death." Clearly, the phrase "whether or not resulting in death" defines the type of injury contemplated by the legislature. This court concludes that the legislature envisioned *actual bodily injury,* such as a cut, bruise, or broken limb....

*Babcock,* 44 B.R. at 522 (emphasis added).

In *In re Ezaki,* 140 B.R. 747 (Bankr. D.Minn.1992), the court disallowed the debtor's claimed exemption in benefits under the Civil Liberties Act of 1988. Guided by "familiar principles of statutory construction," the court held that the Act's diffuse compensatory purposes prevented a finding that payments were made for injuries to the person:

[T]he Act seeks to redress a multitude of unquantifiable injuries. While personal injuries appear to be among those injuries for which payment is being made, the payments are also addressed to various other damages having nothing to do with injury to the person. Furthermore, there is no record here of any personal injury to the debtor.... Therefore, the restitution payment cannot be said to be one for "injury to the person."

*Id.* at 751–52.

Likewise, in *In re Maranda,* 208 B.R. 467 (Bankr.D.Minn.1994), the court disallowed the debtor's claimed exemption of a legal malpractice action: "The obvious import of [Minn.Stat. § 550.37, subd.22] is to create an exemption for personal injury claims, i.e., damages suffered as a result of injuries suffered by the debtor's body or person." *Id.* at 469–70.

Finally, in *In re Crawford,* 208 B.R. 924 (Bankr.D.Minn.1994), the debtor sought to exempt sexual harassment, employment discrimination and defamation claims. The court held that the debtor's claims did not fall within the ambit of Minn.Stat. § 550.37, subd. 22:

The scope of Minn.Stat. § 550.37 subd. 22 has been addressed in several bankruptcy court decisions of this district. [The debtor's] suit ... did not include a right of

action for personal injury. Her rights of action, for the most part, arose from federal and state statutes that were designed to remedy those harmed by discrimination. These rights of action are not "personal injury" claims.

*Id.* at 926.

In his memorandum, the trustee also cites the Minnesota Supreme Court's opinion in *Medill v. State*, 477 N.W.2d 703 (Minn.1991), for the proposition that Minn.Stat. § 550.37, subd. 22, encompasses only physical injuries to the body. Although *Medill* is a constitutional case, and therefore is not precisely on point for our purposes, it provides insight into the meaning of Minn.Stat. § 550.37, subd. 22's "to the person of" language.

In *Medill*, a debtor who sustained serious injuries in a car accident sought to exempt settlement proceeds under Minn.Stat. § 550.37, subd. 22. The trustee objected, claiming that the statute violated Article 1, Section 12 of the Minnesota Constitution. In upholding the constitutionality of the provision, the court examined the philosophical underpinnings of Minnesota's exemption statute. Noting that exemptions are designed to compensate debtors for the loss of human capital, the court reasoned that only injuries which would physically prevent a debtor from working should fall within the ambit of Minn.Stat. § 550.37, subd. 22. "Bankruptcy law protects an individual's human capital by putting it (in the form of earnings) beyond the reach of creditors.... The debtor who suffers serious personal injury is deprived of using his or her human capital in getting a fresh start." *Medill*, 477 N.W.2d at 708.

In his memorandum and complaint, the debtor alleges a host of psychic injuries, including fright and humiliation, as the basis for his exemption. As the foregoing discussion illustrates, however, these so-called "psychic injuries" simply do not satisfy the strict standards of Minn.Stat. § 550.37, subd. 22. The debtor's arguments also fail for the following reasons:

First, the debtor argues that he is entitled to an exemption under Minn.Stat. § 550.37, subd. 22, merely because he has sustained injury in his personal capacity. In other words, the debtor proposes that any injury which the debtor experiences *personally* is synonymous with an "injury to the person." However, the debtor's interpretation of Minn.Stat. § 550.37, subd. 22, excises the statutory language and contravenes legislative intent.[1] As this court noted in *Maranda*, this interpretation "essentially reads the words 'to the person of' out of the statute and ... create[s] an exemption for any injury to the debtor." *Maranda*, 208 B.R. at 470.

■■ Furthermore, the debtor performs a sort of legal leapfrog, contending that he can satisfy the statutory requirement not by reference to his sexual harassment claim but to the resultant physical injuries. However, a court reviewing the debtor's exemption claim must be able to locate the "injury to the person" within the context of the original or underlying injury. It is not enough that the injury to the debtor spawns physical damage. The original trauma must be to the debtor's body.

■■ In the instant case, the underlying injury—the sexual harassment of the debtor at his workplace—did not constitute an injury to the person. Moreover, the mere fact that the debtor seeks damages for pain and suffering does not transform an otherwise non-personal injury into a personal injury for purposes of Minn.Stat. § 550.37, subd. 22. *In re Crawford*, 208 B.R. at 926.

This holding in no way denigrates the seriousness of the debtor's claim, in particular, or of sexual harassment claims in general. It is clear that the debtor has suffered a concrete and legally cognizable injury. However, it is not an "injury to the person" for purposes of Minn.Stat. § 550.37, subd. 22. For the foregoing reasons,

IT IS ORDERED: The following property of the Debtor is not exempt: The personal

---

1. If the legislature had intended to exempt all injuries to the debtor, it could have done so by eliminating the "to the person of" language.

injury claim (*Steven Marshall v. The Original Cookie Company*, Case No. C5–96–21).