**In re James LANGA, Tammy Lynn Langa, Debtors.**

**Bankruptcy No. 90–71877.**

United States Bankruptcy Court, C.D. Illinois.

July 21, 1998.

844

Fredric Benson, Springfield, IL, for Tammy Langa.

Mariann Pogge, Springfield, IL, Trustee.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

The issue before the Court is whether the proceeds of a sexual harassment settlement are exempt pursuant to 735 ILCS 5/12–1001(h)(4), which allows exemptions for payments "on account of personal bodily injury of the debtor".

The Debtors, Patrick James Langa and Tammy Lynn Langa, filed a petition pursuant to Chapter 7 of the Bankruptcy Code on October 3, 1990. In Schedule B—Personal Property, the Debtors listed the following contingent and unliquidated claims:

> 1988 Personal Injury Claims, Tammy Langa v. Kevin Bumgarner, Jefferson County Circuit Court, 2nd Jud.Cir., 89–L–105
>
> Value Unknown
>
> Employment Discrimination Claim (1990), Tammy Langa v. Illinois General Assembly, no case filed.
>
> Value Unknown

In Schedule B–4—Property Claimed as Exempt, the Debtors listed the following exemption:

| Payment on Account of Personal Bodily Injury | Ill.Rev.Stat. 1989 Ch. 110, Par. 12–1001 [now 735 ILCS 5/12–1001] |
| --- | --- |

The personal injury action against Kevin Bumgarner was settled. The Trustee does not object to Ms. Langa's exemption claim to these proceeds. The dispute in this case is over the employment discrimination claim against the Illinois General Assembly.

On April 8, 1997, the Illinois Department of Human Rights filed a complaint of civil rights violation pursuant to the Illinois Human Rights Act, 775 ILCS 5/22–102(D), on behalf of Ms. Langa. The named defendant was Senator Richard Kelly. The complaint

alleged that Senator Kelly sexually harassed Ms. Langa from April 1, 1990, to June 29, 1990, in the following manner:

> (a) He placed his hands on her hips;
>
> (b) He brushed up against her at the water fountain;
>
> (c) He touched her back;
>
> (d) He told her she was "a very lovely lady";
>
> (e) He asked her to go to lunch with him;
>
> (f) He asked her to go to dinner with him;
>
> (g) He invited her to his hotel room.

The complaint sought damages for "embarrassment, humiliation, insult, and emotional suffering". The case was subsequently settled for $15,000 with $5000 going to Ms. Langa's attorney.

The Trustee has filed a motion to reopen the case in order to administer the proceeds recovered in the suit against Senator Kelly. The Debtor claims these proceeds as exempt pursuant to 735 ILCS 5/12–1001(g)(4). The Court agreed to determine the exemption issue before proceeding with reopening the case.

735 ILCS 5/12–1001(h)(4) provides in pertinent part as follows:

> Personal Property Exempt. The following personal property, owned by the debtor, is exempt from judgment, attachment or distress for rent:
>
> (h) The debtor's right to receive, or property that is traceable to:
>
> (4) a payment, not to exceed $7,500 in value, on account of personal bodily injury of the debtor...

Neither the parties nor the Court discovered an Illinois case addressing the question of whether "personal bodily injury" encompasses a sexual harassment claim. Courts from other jurisdictions have addressed the exemptability of sexual harassment claims, but they have done so in light of state exemption statutes which are distinguishable from the Illinois exemption statute. For example, *In re Webb*, 214 B.R. 553 (E.D.Va.1997) found that a Title VII gender discrimination settlement was exempt under a Virginia statute which allows exemptions for the proceeds of "personal injury" actions. *In re Kininson*,

177 B.R. 632 (Bankr.E.D.Mo.1995) allowed a debtor to exempt any recovery on her sexual harassment claim for embarrassment, medical expenses, emotional distress or similar harms. Under Missouri law, tort claims for "injuries affecting personal rather than property interests" are exempt. 177 B.R. at 634. On the other hand, *In re Marshall,* 208 B.R. 690 (Bankr.D.Minn.1997) determined that a debtor's sexual harassment claim did not constitute an "injury to the person" for purposes of the Minnesota exemption statute. The Court found that the exemption required "physical injury to the debtor's *person,* where person is equated with 'body'". 208 B.R. at 691 (Emphasis in original). *Accord, In re Crawford,* 208 B.R. 924 (Bankr.D.Minn. 1994). None of these cases are controlling here, but the Minnesota cases interpret a statute that is more akin to the Illinois statute.

■ Because this case involves an issue of statutory interpretation, the Court's task is to give effect to the will of the Illinois legislature. The statutory text is the best evidence of a statute's purpose. Courts must presume that a legislature says in a statute what it means and means in a statute what it says there. *Matter of Lifschultz Fast Freight Corp.,* 63 F.3d 621, 628 (7th Cir. 1995). In the absence of statutory definitions indicating a different legislative intent, words in a statute are to be given their ordinary and popularly understood meaning. *People ex rel. Daley v. Datacom Systems Corp.,* 146 Ill.2d 1, 165 Ill.Dec. 655, 585 N.E.2d 51, 57 (1991).

Black's Law Dictionary 786 (6th ed.1990) defines "bodily injury" as generally referring to "[p]hysical pain, illness or any impairment of physical condition". "Physical" is defined as "[r]elating or pertaining to the body, as distinguished from the mind or soul or the emotions". Black's Law Dictionary at 1147. "Personal injury" is defined as follows:

> In a narrow sense, a hurt or damage done to a man's person, such as a cut or a bruise, a broken limb, or the like, as distinguished from an injury to his property or his reputation. The phrase is chiefly used in this connection with actions of tort for negligence and under worker's compensation statutes. But the term is also used (usually in statutes) in a much wider sense, and as including any injury which is an invasion of personal rights, and in this signification it may include such injuries to the person as libel or slander, criminal conversation, malicious prosecution, false imprisonment, and mental suffering.

Black's Law Dictionary at 786.

■ A sexual harassment claim is clearly a personal injury. It is an invasion of personal rights which results in emotional injuries. The Trustee concedes and the Court agrees that if the Illinois legislature used the term "personal injury" in the exemption statute, then sexual harassment would have been included within the exemption. However, the legislature chose to limit the exemption by qualifying it with the term "bodily". The basis for Ms. Langa's suit was not bodily injury; she did not allege any type of physical injury or impairment of physical condition. Rather, the injuries claimed by Ms. Langa were psychological or emotional, and the Illinois legislature chose not to exempt these injuries.

For the foregoing reasons, the Court finds that the Debtor may not claim an exemption in her sexual harassment claim pursuant to 735 ILCS 5/12–1001(h)(4). Therefore, the Debtors' claim of exemption is denied. The Court further finds that the case should be reopened to allow the Trustee to administer the settlement funds.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.