**In re Kris Bernard HANSON and Sandy Kay Hanson aka Sandy Kay Misrasi, Debtors.**

**Bankruptcy No. 97–02151.**

United States Bankruptcy Court, D. Idaho.

Sept. 1, 1998.

---

Kris Hanson and Sandy Hanson, Nyssa, Oregon, Pro Se.

Jed Manwaring, Evans, Keane, Boise, for Trustee.

Bernie Rakozy, Boise, Trustee.

## MEMORANDUM OF OPINION

JIM D. PAPPAS, Chief Judge.

Hansons are Chapter 13 debtors appearing *pro se*. The Chapter 13 Trustee objects to their claim of exemption. While the Court has a limited record before it, it appears that Ms. Hanson was allegedly subjected to discriminatory and objectionable treatment as an employee of Amalgamated Sugar. According to a complaint filed on her behalf in a civil action against her employer, that treatment included an incident, in which another employee actually bit her on the buttocks. She sued claiming sexual harassment under 42 U.S.C. § 2000e–5 and ORS § 659.030(1)(b). Her complaint seeks damages of $100,000 for shock, mental anguish, loss of reputation, and humiliation, and $100,000 for loss of earning capacity and medical expenses. From the record, it appears Debtors and the bankruptcy estate have been offered $15,000 to settle the suit.

The issue is whether any settlement money or damages received as a result of trial of the action would be exempt under Oregon law. Trustee contends the recovery would be nonexempt, which if so, would require the money to be available for distribution to creditors under Hansons' Chapter 13 plan. Of course, the civil action, at this point, has neither been settled nor has a jury awarded Hansons any damages. Resolution of that action will not likely occur, however, prior to the Court's consideration of confirmation of Hansons' Chapter 13 plan. Therefore, to the

extent it can be done on this limited record, the Court should determine, at least as a legal matter, whether Hansons' exemption claim has merit.

The Oregon statute under which Hansons claim the exemption protects from creditors' reach:

(j) The debtor's right to receive, or property that is traceable to:

(A) An award under any crime victim reparation law;

(B) A payment or payments, not to exceed a total of $10,000, on account of **personal bodily injury** of the debtor or an individual of whom the debtor is a dependent; and

(C) A **payment in compensation of loss of future earnings** of the debtor or an individual of whom the debtor is or was a dependent, **to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.**

ORS 23.160(1)(emphasis added). In order for the settlement proceeds to be exempt, the funds must be either (1) on account of personal bodily injury (ORS 23.160(1)(j)(B)), or (2) for loss of future earnings which are reasonably necessary for the support of the debtor (ORS 23.160(1)(j)(C)).

First, while no significant authority was found interpreting the personal bodily injury exemption under Oregon law, the provision is very similar to Idaho's exemption law in that it narrows the definition of personal injury by adding the term "bodily." Idaho Code § 11–604(1)(c). This Court has construed the term "bodily injury" under the Idaho statute to refer "to an actual physical injury, and not pain and suffering consisting only of mental and emotional trauma." *In re Lee*, 96.2 I.B.C.R. 84, 86.

Recently, other jurisdictions entertaining cases where sexual harassment proceeds had been claimed as exempt have interpreted similar statutes in the same manner. For example, in *In re Ciotta*, 222 B.R. 626 (Bankr.C.D.Cal.1998), the Court held that in order for the debtor to exempt proceeds from a sexual harassment lawsuit under California's personal bodily injury exemption statute, the debtor must demonstrate appre-

ciable physical injury. Also, in a case with facts similar to those presented here, the bankruptcy court denied the debtor's claimed exemption for sexual harassment settlement proceeds. *In re Langa*, 222 B.R. 843 (Bankr. C.D.Ill.1998). In *Langa*, the employment discrimination suit alleged embarrassment, humiliation, insult, and emotional suffering. The claim was based on several incidents in which a state senator had inappropriately touched Ms. Langa and extended various inappropriate invitations to her. The court noted that while sexual harassment is clearly a "personal injury," her claims were not of the type or kind included under the term "bodily" injury.

■ The Oregon statute limits personal injury by using the term "bodily." The legislature's use of this additional descriptive term must have been significant, or it is mere surplusage. Any settlement proceeds or recovery in this case should not be held exempt under this provision without a clear showing from Ms. Hanson that she suffered some type of appreciable physical injury from her co-workers' conduct. On this record, she has not done so.

■ Second, the settlement proceeds or a recovery can also be claimed exempt under the provision for future earnings as long as the proceeds are necessary for the support of the debtor and/or dependents. This Oregon provision is identical to the federal exemption found at 11 U.S.C. § 522(d)(11)(E). Interpretation of the federal statute therefore provides some guidance as to the meaning of the state law, providing that Trustee's first step is to prove any payment was made to compensate the debtor for a loss of future earnings. *In re Bova*, 205 B.R. 467, 477 (Bankr. E.D.Pa.1997). If so, the court then must consider the debtor's present circumstances, other exempt property, present income, and other relevant factors to determine whether the money is actually necessary to meet the debtor's basic support needs. *Id.* Trustee, as the objecting party, has the burden to show the proceeds are not compensation for lost earnings, *In re Gilbert*, 213 B.R. 502, 504 (Bankr.E.D.Ky.1997), or that the funds are not necessary for the support of the debtors. F.R.B.P. 4003(c).

Because at this time there is no settlement or recovery, the Court is unable to enter a final ruling on Trustee's objection. If funds become available from the legal action, the parties shall renotice Trustee's objection for further hearing.