**In re Vera Lynn DOBBINS, Debtor.**

No. 99–5–9684–JS.

United States Bankruptcy Court, D. Maryland.

April 7, 2000.

Deborah Hunt Devan, Neuberger, Quinn, Gielen, Rubin & Gibber, P.A., Baltimore, MD.

Thomas J. Aversa, Jr., Pasadena, MD.

### MEMORANDUM OPINION OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTIONS

JAMES F. SCHNEIDER, Bankruptcy Judge.

The issue in this case is whether a claim for sexual harassment may be exempted from the Chapter 7 debtor's bankruptcy estate under Maryland's personal injury exemption statute, Md. Cts. and Jud. Proc. Code Ann. § 11–504(b)(2).[1] The Chapter 7 trustee objected on that basis to the debtor's claimed exemption of $29,575 paid to her in settlement of a claim for sexual

---

1. Section 11–504(b)(2) of Maryland Courts and Judicial Proceedings Code Annotated states in pertinent part:

    The following items are exempt from execution on a judgment:

    \*　　\*　　\*　　\*　　\*　　\*

    (2) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earning. This exemption includes but is not limited to money payable on account of judgments, arbitration, compromises, insurance, benefits, compensation, and relief...
    *Id.*

harassment brought against the debtor's former employer.

## FINDINGS OF FACT

On July 2, 1999, Vera Lynn Dobbins executed a Settlement and Release Agreement (the "Agreement") with MiTek Industries, Inc., in which she received a monetary settlement in satisfaction for her release of all potential claims that she may have had against MiTek as a result of alleged sexual harassment, among other claims. Under the Agreement, MiTek agreed to make a lump sum payment of $29,575 to Ms. Dobbins as full consideration for the release and discharge of "any and all claims, actions, rights, demands, damages, or liabilities of whatever nature or kind, whether known or unknown, including...any claim for wrongful termination...[and] any charges or complaints filed pursuant to or under the Age Discrimination in Employment Act of 1967, as amended, Title VII of the Civil Rights Act of 1964, as amended, the American with Disabilities Act, the Equal Pay Act, the Employees Retirement Income Security Act (ERISA), 42 U.S.C. §§ 1981, 1983, 1985, and 1988, the Wage and Hours Laws, the Missouri Fair Employment Practices Act, or any employment discrimination law or wage and hour law..." of the State of Missouri[2] or the State of Maryland.

On July 22, 1999, Ms. Dobbins filed the instant voluntary Chapter 7 bankruptcy petition in this Court. Among the debtor's exemptions was one for a "Sexual Discrimination Claim." Debtor's Amended Schedule C [P. 4].

At the hearing before this Court, Ms. Dobbins described the nature of the dispute with MiTek which led to the formation of the Agreement. She testified that prior to her termination, she had been employed by MiTek for eleven (11) years, the last eight (8) years as a plant manager under the supervision of one Robert Watson. According to Ms. Dobbins' testimony, Mr. Watson allegedly told her that women should be at home and not in the work force, and repeatedly informed her that her salary was less than that of her male co-workers and that she would never reach the top of the pay scale because she was a woman. He made her life miserable by denigrating her based solely upon her gender, and she became depressed by a hostile work environment. Mr. Watson made inappropriate comments on her absences from work due to cancer treatments she was receiving, which resulted in further depression. He belittled Ms. Dobbins in the presence of her thirty-five (35) male subordinates, embarrassing her and detracting from her ability to properly manage them. As a result, Ms. Dobbins sought psychiatric care and was prescribed medication for depression. On May 4, 1999, Ms. Dobbins was fired by Mr. Watson, who did not provide her with a reason for her termination.

## CONCLUSIONS OF LAW

The filing of a bankruptcy petition creates an estate comprised of all of the legal and equitable interests of a debtor. 11 U.S.C. § 541. The Bankruptcy Code also provides exemptions as exclusions from its broad definition of property of the bankruptcy estate. 11 U.S.C. § 522(b). These exemptions allow specific property to remain in the hands of the debtor and free from creditors. However, each state was permitted to "opt out" of the Federal exemption scheme and enact its own exemptions which its citizens are required to follow. 11 U.S.C. § 522(b)(1). Maryland opted out[3] and therefore Maryland residents who file bankruptcy are lim-

---

2. MiTek, Industries, Inc. is headquartered in St. Louis, Missouri.

3. Maryland opted out of the federal exemption scheme pursuant to Md.Code Ann., Cts. & Jud. Proc. § 11-504(g), which provides:

(g) Federal bankruptcy exemptions.—In any bankruptcy proceeding, a debtor is not entitled to the federal exemptions provided by § 522(d) of the United States Bankruptcy Code. *Id.*

ited to the exemptions provided under state statutory law, including an exemption based upon personal injury.[4]

■ Maryland's exemption laws are liberally construed to effect the purpose for which they were enacted. *In re Hurst,* 239 B.R. 89, 91 (Bankr.D.Md.1999); *In re Taylor,* 312 Md. 58, 71, 537 A.2d 1179, 1185 n. 5 (1988); *Muhr v. Pinover,* 67 Md. 480, 487, 10 A. 289 (1887). Because "there is no legislative history to review. to definitively ascertain the subsection's meaning," *In re Royal,* 165 B.R. 802, 804 (Bankr. D.Md.1994), courts should avoid an interpretation that avoids constitutional conflict. *In re Butcher,* 125 F.3d 238, 241 (4th Cir.1997), *aff'g* 189 B.R. 357 (Bankr.D.Md. 1995); *Curran v. Price,* 334 Md. 149, 638 A.2d 93, 104–105 (1994).

■ The "test in determining whether a claim for 'injury of the person' falls within the exemption of this statute is whether the claim is for injury to property or whether it is for injury to the person proper." *Niedermayer v. Adelman,* 90 B.R. 146 (D.Md.1988) (debtor's claim for false imprisonment, malicious prosecution, invasion of privacy, defamation, and intentional infliction of emotional distress could be exempted from the debtor's bankruptcy estate under the exemption). In *Niedermayer,* the district court went on to state:

> Once it is recognized that personal injury claims, as opposed to property claims, form the basis of distinctions, the identification of whether the injury is limited to bodily injury, or may include injury to the mind or psyche, is not a difficult issue. Unless the statute were to limit the claim to bodily injury, it is difficult to assume that the person does not include both body and psyche. In the absence of a restriction in the Maryland statute, claims for injury of the person encompass claims for damages to

his psyche, including mental anguish, and damage to reputation.

■ Based upon the foregoing analysis, the debtor's settlement of her sexual harassment claim against her former employer is exemptible. The claim was not based upon the disparity between the debtor's salary and those of her male counterparts. Rather, the claim was founded on her supervisor's harassment in continually informing her of that fact. There is clear evidence that the employer's reprehensible conduct towards Ms. Dobbins resulted in both physical and psychological effects, including mental injury. While other factors, including Ms. Dobbins' preexisting illness, may have contributed to her depression, the causation of her injury was so evident from the facts that MiTek expeditiously settled the claim. The debtor's depression was aggravated by her working conditions. A trier of fact could reasonably conclude that the employer's harassment of the debtor caused her to suffer humiliation and depression. *Accord, King v. Webb (In re Webb),* 214 B.R. 553 (E.D.Va.1997) (upholding debtor's exemption of proceeds from the settlement of a Title VII gender discrimination claim against her former employer based upon Virginia exemption statute that exempted judgment or settlement proceeds from "all causes of action for personal injury or wrongful death"); *In re Kininson,* 177 B.R. 632 (Bankr.D.Mo.1995) (debtor could exempt any recovery on her claim for sexual harassment for embarrassment, medical expenses, emotional distress, or similar harms, based upon Missouri law that allowed exemptions for tort claims for "injuries affecting personal rather than property interests").

The trustee relied upon *In re Crawford,* 208 B.R. 924 (Bankr.D.Minn.1994), decided under Minnesota law, which held that the debtor's actions for sexual harassment and

---

4. On her Amended Schedule C, the debtor cited Md. Cts. & Jud. Proc.Code Ann. § 11–504 as the statutory basis for her exemption of the settlement proceeds. At the hearing, debtor's counsel indicated that the exemption was claimed under Md. Cts. & Jud. Proc.Code Ann. § 11–504(b)(2).

discrimination were not exempt under that State's statute. The statute in question exempted the "rights of action for injuries to the person of the debtor ... whether or not resulting in death." Minn.Stat. § 550.37, subd. 22. Unlike the Maryland statute, the Minnesota statute clearly stated that the injury must be to the "person of the debtor." *Id.* The relevant difference between the Maryland and Minnesota personal injury exemption statutes was the limitation in the Minnesota law to bodily injury. A line of cases considering the Minnesota statute consistently held that the exemption is only available for causes of action for actual physical injury. *In re Marshall,* 208 B.R. 690 (Bankr.D.Minn. 1997) (sexual harassment did not result in injury to the person of the debtor, where "person" is equated with "body," despite the debtor's request for damages for pain and suffering); *In re Maranda,* 208 B.R. 467 (Bankr.D.Minn.1994) (legal malpractice claim against a divorce lawyer was not exemptible as a claim for personal injuries); *In re Ezaki,* 140 B.R. 747 (Bankr. D.Minn.1992) (compensatory damages paid to persons of Japanese ancestry for internment during World War II were not exemptible as personal injuries); *In re Babcock,* 44 B.R. 521 (Bankr.D.Minn.1984) (debtor's state court action against bank for conversion was not exemptible as claim for personal injury).

The trustee questioned the timing of the filing of Ms. Dobbins's bankruptcy petition because less than two months had passed between the mailing of a demand letter to the employer, the execution of the Agreement and, ultimately, the filing of the petition. However, this Court has concluded that Ms. Dobbins filed her bankruptcy petition in good faith, based on the economic consequences that resulted from the termination of her employment.[5]

The expansive definition afforded the term "injury to the person" by this opinion is consistent with that adopted by this Court [Derby, J.] in the case of *Longhenry v. Wyatt (In re Longhenry),* 246 B.R. 234 (Bankr.D.Md.2000), albeit decided in a different context under 11 U.S.C. § 523(a)(9).

WHEREFORE the objection of the Chapter 7 trustee will be OVERRULED and the debtor's exemption of her lawsuit settlement will be ALLOWED.

ORDER ACCORDINGLY.

---

5. At the hearing, Ms. Dobbins testified that while working for MiTek, she was earning approximately $55,000 per year. She testified that she is currently working in a gift shop earning approximately $500 per month.