**In re Mark E. COPE and Rebecca S. Cope, Debtors.**

**No. 300–37575–tmb7.**

United States Bankruptcy Court, D. Oregon.

Aug. 10, 2001.

Todd Trierweiler, Portland, OR, for debtor.

David B. Mills, Eugene, OR, for trustee.

Becket & Lee LLP, Malvern, PA, for creditor.

## MEMORANDUM OPINION

PATRICIA M. BROWN, Bankruptcy Judge.

This matter came before the court on the Debtors' objection to the Trustee's notice of intent to settle Mr. Cope's unlawful employment practices lawsuit against his employer and the Trustee's objection to the Debtors' claim of exemption in $10,000 to be paid to Mr. Cope as "emotional distress damages" as part of that settlement.

## FACTS

At the time this bankruptcy was filed Mr. Cope had a pending lawsuit against his employer for unlawful employment practices. The Debtors valued the lawsuit at $130,000 and claimed 75% of those funds as exempt under ORS 23.185 which allows a debtor to exempt 75% of any wages due owing at the time of a bankruptcy filing.

On November 2, 2000, the Trustee filed objections to the claimed exemption stating "Discrimination Claim is of Record, suit claims only part of damages and lost wages. Trustee has no objection to 75% of wage portion of any award being exempt." The Debtors did not respond to the Trustee's objection and, therefore, the Debtor's exemption was disallowed.

On December 13, 2000, The Trustee then filed a Motion to Settle and Compromise the state court lawsuit on "terms that the defendants insist on remaining confidential." The Motion also stated that "[t]he proceeds from the settlement are sufficient to pay all the debtors's scheduled claims." The Motion further stated that the settlement included an award of statutory attorney fees that would be paid directly to the Debtors' state court counsel and that the balance of the settlement funds would be paid to the trustee for distribution to creditors.

The Debtors timely objected to the Motion to Settle and Compromise on the grounds that 1) the settlement required them to waive exemptions and forfeit their interest in otherwise exempt property and 2) their bankruptcy counsel had not been informed of any settlement negotiations between their personal injury attorney and the trustee nor of the agreement to waive the Debtors' claim of exemption. The Debtors also moved for an extension of time to amend their exemptions.

On February 1, 2001, the Debtors filed amended schedules in which they claimed 75% of the proceeds of the lawsuit exempt as wages and claimed an additional $10,000 exempt as payment for personal bodily injury under ORS 23.160(1)(k). The Trustee filed objections to the Debtors' claim of exemption under ORS

23.160(1)(K). The Debtors did not respond to the Trustee's objection.

Following an initial hearing on the Debtors' Objections to the Trustee's Notice of Settlement and the Debtors' Motion to extend Time to Amend Schedules, the court directed the parties to submit briefs on the issue of whether Oregon law allows an exemption for emotional distress damages absent a showing that the debtor suffered actual physical injury.

## DISCUSSION

■ A debtor's right to claim exemptions is governed by § 522(d) of the Bankruptcy Code. This sections provides, in pertinent part:

> (b) ... an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.... Such property is:
>
> (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph 2(A) of this subsection specifically does not so authorize; or, in the alternative,
>
> (2) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place....

In this case the Debtors' domicile was located in Oregon for the 180 day period prior to filing of the bankruptcy petition. Oregon has opted out of the federal bankruptcy exemptions. ORS 23.305. Thus the court must look to the Oregon exemption statutes to determine the Debtors' right, if any, to exempt the funds at issue.

The Debtors claim that the funds at issue may be exempted under ORS 23.160(1)(k) which allows a debtor to exempt a:

> "right to receive, or property that is traceable to, a payment or payments, not to exceed a total of $10,000, on account of personal bodily injury of the debtor...."

The trustee contends that this section does not allow the Debtors to exempt funds received as emotional distress damages absent a showing that the distress was the result of bodily injury suffered by a debtor. In support of this contention he cites *In re Hanson,* 226 B.R. 106 (Bankr.D.Idaho 1998).

In *Hanson* the court applied Oregon law and held that proceeds of a debtor's sexual harassment lawsuit against her employer were not exempt under ORS 23.160(1)(k) absent a "clear showing ... that she suffered some type of appreciable physical injury...." *Id.* at 108. In reaching this conclusion the court noted that the "personal bodily injury exemption under Oregon law ... is very similar to Idaho's exemption in that it narrows the definition of personal injury by adding the term 'bodily'" *Id.* at 109. The court noted it "had construed the term 'bodily injury' under the Idaho statute to refer 'to actual physical injury, and not pain and suffering consisting only of mental and emotional trauma.'" *Id.* at 108 It based this conclusion on the fact that the "legislature's use of [the] additional descriptive term [bodily] must have been significant, or it is mere surplusage." *Id.*

■ The Debtors contend that the *Hanson* decision was wrongly decided because it misconstrues Oregon law regarding a plaintiff's right to recover emotional

distress damages. Under Oregon law emotional distress damages are generally not recoverable absent a showing of actual physical injury. However, such damages are allowed, without a showing of physical injury if they arise from 1) a specific intent to inflict emotional distress; 2) intentional misconduct by a person in a position of responsibility and with knowledge that it would cause grave distress; or 3) there is conduct that infringes upon a legally protected interest apart from the claimed distress. *Bennett v. Baugh*, 961 P.2d 883, 888, 154 Or.App. 397 (1998); affirmed in part, reversed in part, 329 Or. 282, 985 P.2d 1282 (1999).

The Debtors argue that:

"[t]here would be no logical reason why the Oregon legislature would allow an exemption for emotional distress damages for someone who is physically impacted, but deny someone who suffers equally, simply because she received the damages based upon a different, yet no less recognized, theory under Oregon law. Further, it would be inequitable for emotional distress damages to be exempt under the general rule, but not exempt under the three exceptional circumstances recognized by Oregon law." Debtors' Memorandum in Support of Claimed Exemption, page 3.

As a preliminary matter, I note that it is not the function of this court to decide whether the laws enacted by the legislature are "logical." Rather, our function is to interpret those laws and apply them to the facts of the case at hand. That said, there are a number of rules governing judicial interpretation of statutory provisions. Among these are the following:

"The interpretation of a statutory provision must begin with the plain meaning of its language. Where statutory language is unambiguous the judicial inqui-ry is complete. It is a cardinal principal of statutory construction that a court must give effect, if possible, to every clause and word of a statute. When the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language."

*In re Bonner Mall Partnership*, 2 F.3d 899, 908 (9th Cir.1993).

In this case the Oregon statute at issue allows a debtor to exempt up to $10,000 in funds received "on account of personal *bodily* injury of the debtor." ORS 23.160(1)(k). Prior to 1995, this exemption could not be used to exempt funds received on account of "pain and suffering or compensation for actual pecuniary loss." The statute was amended in 1995 to eliminate the restriction on exemptions for funds received on account of pain and suffering or actual pecuniary loss. However, it did not eliminate the requirement that the funds to be exempted arise from "personal *bodily* injury." Thus the plain language of the current statute allows an exemption for funds received as compensation for pain and suffering only if the pain and suffering arise from a bodily injury.

The Debtors further argue that the term "bodily" does not necessarily require actual physical injury to the debtor and that "it is just as plausible that the legislature used the term 'bodily' to differentiate between injury to a person's self and injury to personal property." I disagree. If the legislature merely intended to differentiate between injury to person and injury to property it could have done so by simply allowing a deduction for personal injury. It did not do so. Rather, it chose to allow an exemption only for funds received on account of personal "bodily" injury. The use of the modifier "bodily" after the word "personal" implies a legislative intent to limit this exemption to funds received on

account of a physical injury to the body of the debtor.

I find, therefore that the Debtors may not claim an exemption in funds traceable to emotional distress damages absent a showing that the distress arose from actual physical injury. I will set the matter for an evidentiary hearing to address the issue of whether the debtor suffered such injury.